## Lakes, et al. v. Lakes, et ux.

(Decided December 16, 1927.)

### Appeal from Jackson Circuit Court.

1. Deeds.—General rule is that, in transactions between persons occupying confidential relationship and between whom conveyance by deed is made, burden is on grantee to show by clearest and most convincing evidence that transaction was freely and voluntarily entered into, and devoid of vice rendering it inequitable or unfair.

2. Deeds.—Where father transferred land to son under agreement that grantee should maintain, care for, support, and provide grantor with necessities of life as long as he lived, evidence of unbecoming conduct and language of son in single instance held not to authorize inference that he had substantially failed to perform such consideration.

3.   Deeds.—Evidence held insufficient to justify setting aside of deed
     from father to son, reciting consideration that grantee should care
     for and support grantor and cash consideration, on grounds of
     mental incompetency, undue influence, and grantee's failure to
     perform consideration, where plaintiffs introduced no testimony on
     two of issues raised, and on third.proof was so meager as to be
     of little, if any, substantial value.

4.   Deeds.—In action to set aside conveyance from father to son, re-
     citing consideration that grantee should care for and support gran-
     tor and cash consideration, burden of proof was on plaintiffs to
     show mental incompetency, undue influence, or failure of con-
     sideration alleged; circumstances not being sufficient to require
     shifting of burden under rule that grantee must show fairness of
     conveyance .between persons occupying confidential relationship.

A. W. BAKER for appellants.

BEGLEY & MOORE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On January 20, 1920, W. R. Lakes conveyed to his son Curt Lakes and the latter's wife, Martha Lakes, both of whom are the appellees and were the defendants below, a tract of land in Jackson county, containing about 75 acres, and upon which the grantor then resided. Defendants lived some 300 yards or more from his residence and the recited consideration in the deed was that the grantees would maintain, care for, support, and provide and furnish for and to the grantor all of the necessities of life as long as he lived, and a cash consideration of $250, the payment of which the deed acknowledged.

More than two years thereafter the grantor died, and this equity action was filed by his other children and heirs, who are the appellants and were plaintiffs below, to cancel it upon the three alleged grounds that (1), the grantor at the time of its execution was an imbecile and mentally incompetent to make it; (2), that he was unduly influenced to do so by the grantees; and (3), the latter's failure to perform the consideration by refusing to provide and take care of the grantor, and their failure to pay the cash consideration. The answer denied the material averments of the petition, and counterclaimed with the enhanced value of improvements made upon the land by them, and the payment of taxes for the years following the execution of the deed. Appropriate pleadings made the issues, and upon submission the court dismissed the

petition, to reverse which plaintiffs prosecute this appeal.

No evidence was taken or heard upon the trial, except that of three neighbors, whose depositions were taken by plaintiffs, and they testified to a failure on the part of defendant, Curt Lakes, to comply with some small requests made to him by his father upon a single occasion at the latter's home, and which, if true, were very unbecoming and highly unfilial. It appeared from the testimony that the old gentleman was undergoing some physical pain in his back, and the son declined to apply a remedy that the sufferer thought would relieve him, and at the same time refused to sing a religious hymn that his father requested him to do, and in doing so employed some disrespectful and unbecoming language. The witnesses testified to nothing that happened, or to any failures on the part of defendants, at any other time or occasion, and the case was submitted solely upon the testimony the substance of which we have above narrated.

Clearly none of it related in the least degree to the principal issues in the case; i. e., mental incapacity of the grantor, and undue influence exercised on him by the grantees. Just why plaintiffs did not waive the incompetency of the grantees as witnesses, and take their depositions as on cross-examination, or why they did not introduce some proof to sustain the two chief, and possibly sole, grounds for rescinding the deed, are matters not disclosed by the record, nor even explained in the briefs. But counsel for plaintiffs in his brief insists that this case comes within the general rule of practice, so often applied by this court, that in transactions between persons occupying a confidential relationship, and between whom a conveyance by deed is made:

"The burden is upon the grantee in such a deed to show by the clearest and most convincing evidence that the transaction was freely and voluntarily entered into and devoid of any vice rendering it inequitable or unfair." Elston v. Elston, 207 Ky. 412, 269 S. W. 307.

The rule of practice is a most wholesome one, and it was intended to create a practical and accessible mode of developing the facts, which in such cases nearly always occur in the privacy of the family of which each

party to the transaction was a member, and where undoubted confidential relationship existed. Immediately following the excerpt the opinion in the Elston case, in answering the same contention as the one now under consideration, said:

"There are lacking in this case two features that ordinarily are to be found among the circumstances surrounding the parties in cases where the rule above has been invoked as conclusive. The consideration for the execution of the deed was a valid one, the deed truly recited it, and the contract had been performed. See Lockhart v. Justice, 203 Ky. 678 (262 S. W. 1101), and the authorities therein cited. The other missing feature is the fact that prior to the execution of the deed in question the grantor had not lived with or been in the custody of the grantee."

The parties in this case did not reside together, nor was it anywhere proven that defendants in any manner exercised custody over the person of the grantor or any control over him. The only fact appearing in the record, and which also frequently appears where confidential relationship is involved, was the one that the parties were father and son; but, when they are not in any wise associated in any sort of family relationship, the case is not one for the application of the rule contended for relating to the burden of proof upon the whole case.

Moreover, the deed recited the payment of the cash consideration of $250, and, as we have seen, no testimony of any probative force was offered to disprove that acknowledgment, nor was there any testimony to show that defendants, for the two years or more that the grantor lived after making the deed, did not support him, or that they did not provide for him in the manner that they agreed to do as a part of the consideration for the deed, nor are we inclined to the conclusion that the single instance of unbecoming conduct, and perhaps language, on the part of defendant, Curt Lakes, was such as to authorize the inference that he had substantially failed to perform the service part of the consideration named in the deed, even if it should be admitted that this action for cancellation and rescission could be maintained by plaintiffs upon that ground alone, a question that we expressly refrain from determining.

The substance, then, of the whole case, is, that the grantor lived for more than two years after the deed was executed, and neither he nor any relation of his suggested any objections to its execution, based upon either of the grounds relied on herein, or any other one. The character of confidential relationship and other accompanying circumstances requiring the shifting of the burden of proof was not shown to exist in this case, leaving it upon plaintiffs. On two of the issues raised they introduced no testimony whatever, and upon the third one their proof was so meager as to be of little, if any, substantial value. But if, on that issue, the testimony had been otherwise, then it is doubtful, as we have seen, whether the cause of action based on that ground was one entirely personal to the grantor (conceding the absence of mental incapacity and undue influence), or whether it survived and became available to plaintiffs as his heirs.

Perceiving no eror in the judgment, it is affirmed.