## Tuttle v. Leddington.
(Decided Nov. 10, 1936.)

R. L. POPE and C. B. UPTON for appellant.

J. B. JOHNSON and H. H. OWENS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

A number of years prior to 1930, G. L. Leddington was married to Nila Tuttle. This was the second matrimonial venture for Leddington, and he had children by a former marriage. While it appears that Nila Tuttle had not been previously married, she had a son named John Matt Tuttle.

In 1930 Mrs. Leddington instituted an action for divorce and alimony and caused an attachment to issue and be levied upon all property of her husband, including a lot and building in the city of Corbin known as the Leddington Hotel. In addition to this building, furniture and fixtures therein, and an automobile, it appears that the only other property owned by Mr. Leddington was an undivided interest in a small tract of land in Laurel county of comparatively little value.

A reconciliation was effected and the litigation terminated by an agreement entered into between the parties on November 11, 1930, which, among other things, provided that G. L. Leddington would convey to his wife an undivided one-half interest in all the real and personal property above enumerated.

In June, 1934, Mrs. Leddington died as a result of a gunshot wound at the hands of her husband. Counsel for the respective parties go outside the record in a controversy as to whether the shooting was accidental or intentional.

After the death of Mrs. Leddington, G. L. Leddington instituted this action against John Matt Tuttle as her only heir at law, alleging that, pursuant to the agreement in the divorce action, he conveyed to his wife a

one-half undivided interest in the Leddington Hotel property, and thereafter as provided in the contract he and his wife lived together as husband and wife and enjoyed the use, occupancy, and profits of the hotel property until her death, when the property passed to defendant as her only heir at law; that since the death of his wife he learned for the first time that defendant was claiming to be sole owner of the entire hotel property under a deed of record in the Whitley county court clerk's office, a certified copy of which was filed with and made a part of the petition; that such instrument was a forgery or a fraud upon the right, title, and interest of plaintiff. He alleged in substance that it was the understanding and agreement that he was to convey to his wife a one-half undivided interest in the property, and that he only conveyed such interest, and by his petition and amended petition he asked that the deed in so far as it purported to convey more than a one-half undivided interest in the property, be declared void and of no force and effect, and that he be adjudged to be the owner of the one-half undivided interest not so conveyed.

By appropriate pleadings the issues were completed, and on final hearing plaintiff was granted the relief sought, and it was adjudged that, in so far as the deed undertook to convey more than a one-half undivided interest in the property, same be canceled, set aside, and held for nought, and adjudged plaintiff was the owner of an undivided one-half interest therein. Defendant is. appealing.

To sustain the contention of appellant it is shown by the officer who took the acknowledgment that he was asked to but did not read the deed, but that appellee took it and held it for some minutes as though reading it. There is also evidence of witnesses as to statements made by appellee or by his wife and in his presence to the effect that the entire property was conveyed to her. The attorney who wrote the agreement between the parties in the divorce action and who prepared the deed to the hotel property pursuant thereto testified that he first prepared a deed for a one-half undivided interest in the property, but that Mrs. Leddington refused to sign it, and four or five days later had him prepare a deed conveying the entire property to her. His evidence is so vague, indefinite, and uncertain as to disclose that he in fact remembered very little of the transaction.

Appellant was called upon in the suit to produce the original deed, but testified that he was unable to find it, but, after judgment was rendered, found it, and by agreement of parties the deed was made a part of the record on this appeal. It bears the same date as the agreement in the divorce action and conveyed the entire hotel property. There is no indication of changes or erasures on the face of the deed. On the other hand, in addition to the written agreement in the divorce action whereby appellee agreed to convey one-half of the hotel and personal property to his wife and a one-half interest in the tract of land as soon as the title could be perfected, there is evidence for appellee that, pursuant to the agreement, appellee and his wife conducted the hotel, each bearing one-half of the expenses and sharing in one-half of the profits, and there is evidence of witnesses as to statements made by both of them or by one in the presence of the other to the effect that they owned the property and conducted the business on a "50-50" basis. They leased the hotel property to one party for a year, and only the name of appellee appears in the body of the lease, while both signed it. In a lease to another party for a year the names of both appear in the body of the lease, and both signed it. Apparently the attorney who drew the agreement understood that only a one-half interest in the hotel property was conveyed because it appears of record that after the death of Mrs. Leddington he took a mortgage on the property from appellant to secure the payment of a note and also took a mortgage from appellee on same to secure a note. It is further shown that appellant, as administrator of his mother, brought an action for damages against appellee and caused an attachment to be issued and levied upon the hotel property and filed the usual lis pendens notice in the office of the county court clerk. The record shows that the only consideration for the deed was the agreement settling the divorce litigation, and under the contract Mrs. Leddington was only entitled to one-half interest in the property. It is apparent that there was no consideration for the conveyance of the other half, and, as disclosed by the record, the hotel property, which according to the evidence had a value of from $5,000 to $8,000, was practically the entire estate of appellee.

It is a rule of general application that a deed will not be set aside for mistake, or for fraud, or both, unless

the evidence is clear and convincing. Farar v. Eli, 195 Ky. 30, 241 S. W. 326; Lakes v. Lakes, 222 Ky. 411, 300 S. W. 859; Grigsby v. Draughn, 261 Ky. 717, 88 S. W. (2d) 964. In the light of the proven facts and circumstances, it cannot be said that the evidence in this case does not sufficiently measure up to these requirements to sustain the chancellor's finding.

Judgment affirmed.