### GREENUP MILLER *v.* ELIJAH SUTTON.

**Deeds—Stipulation as to Lane.**

An insertion in a deed, by the grantor, of the words "that there should be no lane running from the creek between us," did not effect any right of the grantee, where the contract of purchase does not call for such lane, and it does not appear that the grantee ever enjoyed the use of the lane at such place.

**Deeds—Failure to Read Deed—Equitable Relief.**

The failure of the grantee of land to read the deed and know its contents where he had an opportunity to do so is culpable negligence against which a court of equity will not grant relief.

APPEAL FROM LOUISVILLE CHANCERY.

December 11, 1872.

OPINION BY JUDGE PETERS:

By a writing dated the 10th of January, 1867, appellee contracted to sell to appellant a tract of land in Jefferson county, particularly

described by metes and bounds, at a specified price per acre, and covenanted to convey the same to him by deed with general warranty as soon thereafter as convenient.

On the 9th of August of the year aforesaid, appellee and his wife conveyed the land to appellant with covenant of general warranty, with the following exception, or reservation in the deed—"except the pump in the well, which is to remain there until the party of the first part sees proper to remove it, and it is also understood in the contract that there is to be no lane running from the creek between us."

This suit in equity was brought on the 27th of March, 1869, by appellant against appellee, and in his petition he alleges that there is no such exception, or reservation in the writing evidencing the contract for the sale of the land of the 10th of January, 1867, as that contained in the deed, and that no agreement to that effect was ever made by the parties—the said writing is filed as part of the petition as is the deed and both are in the hand-writing of appellee as is admitted.     Appellant further charges that said deed was taken by appellee to the Clerk of the Jefferson County Court on the 16th of January, 1868, and acknowledged by him and his wife, when it had never been read by appellant, nor had he heard it read; that appellee had fraudulently and in violation of his original contract of sale, inserted said exceptions and reservation in said deed without his knowledge, and if the same had been insisted on at the time, he would not have made the contract for the purchase of the land—as they work great hardships on him and impair the value of the land to him.

He prays that said deed be reformed so as to conform to their original contract and for general relief.

The petition was dismissed on final hearing, and to reverse that judgment this appeal is prosecuted.

. It is important to observe that it is not alleged in the petition that at the time the parties contracted for the sale and purchase of the land that there was a lane running from the creek between them, or had ever been one there, and the executory contract did not stipulate for one.   It does not therefore appear that appellant was at any time in the enjoyment of the use of a lane at the place designated or had contracted for one—and no right of his was

violated by the insertion in the deed of the words, "That there is to be no lane running from the creek between us."

Nor is it alleged that the pump in the well had been removed; but waiving that question, Conn, the clerk, who took the acknowledgment of the grantors of the execution of the deed, proves that appellant was present on that occasion, that an alteration was then made in the deed so as to make it read that all the purchase money was paid, instead of reciting that a deferred instalment of the purchase price was unpaid as the deed was originally written, and that appellant then paid the tax on the deed and the fee for recording and ordered it to record. It is true that Conn does state that the deed was not read to appellant in his presence. But he may have read it, or heard it read before he went to Conn's office. If, however, he failed in that, it was culpable negligence on his part and such as a court of equity cannot relieve against. And we may add from the evidence the probabilities are that the deed conforms to the agreement of the parties on the subject of the pump and the lane entered into subsequent to the contract for the sale of the land as detailed by Frank. The evidence of Redding, if it had been in the case, could not even have changed the result if competent.

Judgment *affirmed.*

*B. F. Camp,* for *appellant.*

*I. & J. Caldwell,* for *appellee.*