## Clarke v. Salyersville National Bank.
### (Decided Oct. 11, 1935.)

CLIFFORD E. SMITH and EARL R. COOPER for appellant.

W. R. PRATER and G. C. ALLEN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Frank A. Clarke has appealed from a judgment reforming certain purchase-money notes and enforcing them by a sale of the property for which they were given.

### The Facts.

On July 31, 1931, the Salyersville National Bank had several parcels of land sold at public outcry. One of these was bought by Mr. Clarke for the Magoffin Institute, of which he is president.

The amount of his successful bid was $4,705, of which one-third was to be paid in cash and the balance in two equal payments, one due in one year and the other in two years from that date. Whether these two deferred payments should bear interest or not is this controversy.

A deed dated and acknowledged on July 31, 1931, was executed by the bank conveying this property to Frank A. Clarke, et al., as trustee for the Magoffin Institute, and in that deed there is no mention of interest on these deferred payments. That deed was not delivered for some time, but was held until Mr. Clarke could raise the one-third he was to pay in cash. Later

Mr. Clarke made this cash payment and executed notes for the remaining payments, which notes are dated July 31, 1931, and bear interest from maturity. In the early part of 1932 Mr. Clarke began making payments upon the first note, and before it was due had paid $625.

When due date came the bank demanded interest on its note, which Mr. Clarke refused to pay, and he then tendered to the bank the balance due on its note without interest, and it declined to accept it.

### The Suit.

The bank sued for a reformation of the notes so that they would draw interest from date. Mr. Clarke resisted and paid into court $2,511.66, the correct balance due upon them if they are not to bear interest. Several witnesess were introduced who testify most positively to sustain each side, those for the bank being more numerous than those for Mr. Clarke, but this case does not turn upon a mere preponderance of evidence.

### What the Bank is Trying to do.

We have here this deed and these two notes, which are very solemn evidence of the contract these parties made. The bank is asking us to ignore these writings which say no interest is to be paid and to say interest must be paid and then make Mr. Clarke perform that modified contract despite the fact he never signed such a contract. That is a most extraordinary thing for a court to do; still, evidence may be presented that would require such a thing to be done, but we have no such evidence in this case. The required evidence must be so clear and convincing as to put the question beyond reasonable controversy, and the party seeking reformation must have been guilty of no negligence. Lossie v. Central Trust Co. of Owensboro, 219 Ky. 1, 292 S. W. 338; Kentucky Title Co. v. Hail, 219 Ky. 256, 292 S. W. 817; Stokes v. Farmers' & Merchants' Bank of Elkton, 241 Ky. 699, 44 S. W. (2d) 837; Brandenburg v. W. T. B. Williams & Sons, Bankers, 243 Ky. 106, 47 S. W. (2d) 963; Johnson et al. v. Elkhorn Gas Coal Mining Co., 193 Ky. 585, 236 S. W. 1041; Miller v. Sutton, 6 Ky. Op. 86; Svea Fire & Life Ins. Co. v. Foxwell, 234 Ky. 95, 27 S. W. (2d) 675; Mayo Arcade Corporation v. Bonded Floors Co., 240 Ky. 212, 41 S. W. (2d) 1104.

### Jurisdiction.

This appeal was granted by the trial court, which can only grant an appeal to this court under those cir-

cumstances set out in the first part of section 950, Ky. Stats.

The bank has been paid all of its money except this interest, which amounts to $275.90, and it is suggested that interest must be excluded in determining jurisdiction, which is true, ordinarily, when interest is only incidental to the main controversy, but is not true when interest itself is the subject-matter of the controversy. Whitehead v. Brothers Lodge, 71 S. W. 933, 24 Ky. Law Rep. 1633. Only $275.90 is involved, but the bank was attempting to enforce and the court's judgment did enforce a statutory lien given it to secure the payment of this money. See section 2358, Ky. Stats.

Since the evidence was not so clear and convincing as to justify reforming this contract, and the bank has received all that is due it, if the contract be not reformed, it follows the judgment of the trial court is erroneous, therefore it must be reversed. The trial court will set it aside and dismiss the bank's action.

Judgment reversed.