## Schuble v. Chambers et al.

(Decided March 3, 1936.)

GEORGE C. BURTON and B. L. SHAMBURGER for appellant.

WM. MARSHALL BULLITT, LEO T. WOLFORD, and BRUCE & BULLITT for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, Annie L. Schuble, and her deceased husband, William J. Schuble, purchased a house and lot in Jefferson county from the appellee Henning Chambers. The agreed consideration was $3,000, of which sum $300 was paid in cash. The appellee Fidelity & Columbia Trust Company acted as the agent of Henning Chambers in the transaction, and held for collection the note executed for the deferred payments until the final payment was made. The deed executed and delivered to Annie L. Schuble and William J. Schuble by Henning Chambers and wife, and dated November 21, 1924, contained this clause:

"As a further consideration for the foregoing conveyance, the parties of the second part have executed their one (1) promissory note, payable to the parties of the first part, for the principal sum of Twenty-seven Hundred Dollars ($2700.00) together with interest thereon, said principal and interest being payable in 138 monthly installments of Twenty-five Dollars ($25.) each, and one (1) final installment of Twenty-six Dollars and 22/100

($26.22), said installments maturing monthly on the same day, as the date of deed herein of each succeeding month beginning one month from the date hereof, and a lien is hereby retained on the property herein conveyed to secure the payment of said note and interest."

The note executed to Henning Chambers by the Schubles on November 21, 1924, and held by the Fidelity & Columbia Trust Company for collection provided for the payment of

"$2,700.00 together with interest thereon, such principal and interest being payable in one hundred thirty-eight monthly installments of $25.00 each, and one final installment of $26.22, said installments maturing monthly on the same day, as the date of this note, of each succeeding month beginning one month from the date hereof."

On September 22, 1934, after 117 payments had been made, Mrs. Schuble, desiring to pay the balance of the indebtedness and secure the release of the lien, requested the Fidelity & Columbia Trust Company to furnish her a statement showing the amount necessary to be paid to satisfy the note and secure the release of the lien. The trust company notified her that the amount necessary to pay off the note at that date was $868.75, and she paid to it that amount. Shortly thereafter she notified the trust company that she had overpaid it in the sum of $317.53, and demanded the return of the alleged overpayment. Her contention that an overpayment had been made was based on these facts: She had made 117 payments of $25 each, amounting in all to $2,925, and on September 24, 1934, paid $868.75, making the total amount paid by her $3,793.75. The note called for 138 monthly payments of $25 each, and a final payment of $26.22, a total of $3,476.22, or $317.53 less than she had paid. The trust company refused to return to her the alleged overpayment, and she brought this action to recover it.

The defendants filed an answer and counterclaim in which they alleged that the parties to the deed and note agreed and understood that the consideration should be one promissory note in the sum of $2,700 with interest thereon at the rate of 6 per cent., payable in 138 monthly installments of $27 each, and one final installment of $26.22, and that through inadvertence

and mistake the consideration, both in the deed and note, was stated to be $2,700 with interest thereon, payable in 138 monthly installments of $25 each, and one final installment of $26.22. It was further alleged that the mistake was mutual, and the defendants asked that the deed and **note be reformed** so as to represent and express the true intent of the parties. The case was transferred to the equity docket, and, after proof was taken and the case submitted, the chancellor entered a judgment dismissing the plaintiff's petition. The chancellor did not reform the deed and note in accordance with the prayer of the defendants' answer and counterclaim, but, from an opinion filed in the record, it appears that he concluded that the burden was on the plaintiff to show the rate of interest agreed upon was less than the legal rate of 6 per cent., and that she had failed to sustain this burden.

Both the deed and note specifically provided that the consideration, in addition to the cash consideration, "shall be $2,700.00 together with interest thereon, such principal and interest being payable in 138 monthly installments of $25.00 each, and one final installment of $26.22." If the deed and note had not specified the number of installments and the amount of each, the chancellor's conclusion would have been correct. That is, although no rate of interest was named, it would be presumed that the legal rate of interest was intended and the burden would have been upon the plaintiff to show that a different rate had been agreed upon The deed and the note fixed the amount of interest that was payable by specifying the number of monthly installments and the amount of each. The real and only issue in the case was whether or not, by mutual mistake of the parties, the amount of the monthly installments was stated in the deed and note to be $25 instead of $27.

Before a written contract can be reformed on the ground of mistake, it must be shown by clear and convincing proof that a mistake occurred and it must further be shown that the mistake was mutual. In the recent case of Clarke v. Salyersville National Bank, 260 Ky. 676, 86 S. W. (2d) 674, 675, Clarke had executed certain notes to the bank which bore interest from maturity. When the due date came, the bank demanded interest on its notes, which Clarke refused to pay. The bank sued for a reformation of the notes

so that they would draw interest from date. A number of witnesses testified on each side, and, notwithstanding the bank's claim was supported by a preponderance of the evidence, we reversed the judgment of the lower court on the ground that the evidence was not so clear and convincing as to justify reformation of the contract. In the course of the opinion it was said:

> "We have here this deed and these two notes, which are very solemn evidence of the contract these parties made. The bank is asking us to ignore these writings which say no interest is to be paid and to say interest must be paid and then make Mr. Clarke perform that modified contract despite the fact he never signed such a contract. That is a most extraordinary thing for a court to do; still, evidence may be presented that would require such a thing to be done, but we have no such evidence in this case. The required evidence must be so clear and convincing as to put the question beyond reasonable controversy, and the party seeking reformation must have been guilty of no negligence."

This rule is too firmly established to require the citation of further authority.

In the present case, Mrs. Schuble testified positively that no rate of interest was mentioned in the negotiations with the agent who sold the property to her and her husband, but that it was agreed that the $2,700 and the interest thereon should be paid in 138 monthly installments of $25 each, and a final installment of $26.22, as set out in the deed and note and that she so understood the contract.

Mr. W. Q. Hall was connected with the real estate department of the Fidelity & Columbia Trust Company in 1924, and had charge of the sale of the Chambers property. He testified that the sale price was $3,000 with a cash payment of $300, and that the balance of $2,700 was to be paid in monthly installments of $25 each. He also testified that in his negotiations with the Schubles he always spoke of 6 per cent. in referring to the rate of interest to be charged. It was also shown that 138 monthly installments of $27 each and a final installment of $26.22 would have amounted to $2,700 with 6 per cent interest thereon, and that the plan

customarily followed by the Fidelity & Columbia Trust Company was to provide for the payment of $1 per month for each $100 of the original loan. The evidence introduced by the appellees, in view of the provisions of the deed and note and the positive testimony of Mrs. Schuble, was not of such a convincing nature as to authorize the reformation of the written contract. Even if it be conceded that a mistake was made, the proof falls far short of showing that it was mutual.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed, with directions to enter a judgment in confirmity herewith. The whole court sitting.