# Browning v. Park Hill Realty Co.

(Decided March 20, 1936)

DAVID BROWNING and H. V. FORSYTH for appellant.

FRANK C. MALIN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

From a personal judgment against him of $1,500 with interest from May 19, 1923, an order for the sale of his half interest in three certain lots in satisfaction thereof, and the dismissal of his counterclaim, Iley B. Browning appeals.

## The Facts.

On May 19, 1923, Iley B. Browning and Frank H. Yates purchased from the appellee three lots, which were conveyed to Browning, trustee, and he and Frank H. Yates executed a trust agreement the effect of which is to show these two were jointly interested and obligated in the undertaking. They paid $1,500 in cash, and Iley B. Browning, trustee, executed three notes of $1,500 each, due one, two, and three years thereafter. When the first note became due, they paid it: but they failed to pay the others.

On December 23, 1932, the Park Hill Realty Company accepted from Frank H. Yates a conveyance to it of his half of these lots and canceled his obligation on these last two notes.

On March 2, 1933, it sued Browning to collect the remainder due on them and thus obtained the judgment from which this appeal is prosecuted.

## Browning's Counterclaim.

Browning filed an answer and counterclaim which was put in issue by reply. The length and elaboration of this answer and counterclaim forbids our copying

it, but it will be enough to say he first traversed the petition and then in substance said:

> "For counterclaim defendant states at the time said lots were conveyed to said trustee, that by mutual mistake and oversight the notes sued on failed to recite or include the real contract and agreement entered into between plaintiff and the defendant, trustee. He states that * * * T. A. Field, Vice-president of said corporation, plaintiff herein, suggested * * * Iley B. Browning, be the trustee of an express trust, and conveyance be made to said trustee; * * * that said deed was then prepared conveying said lots to defendant, trustee; that * * * T. A. Field, acting for plaintiff, agreed with defendant that he sign said notes as trustee only and without personal liability; that the down payment with lien retained on the lots would be a satisfactory consideration to plaintiff for said deed without personal liability of this defendant; * * * that by mutual mistake and oversight, said notes failed to recite the real contract and agreement made at the time they were signed by the defendant, trustee. * * * Defendant says said notes sued on and filed with the petition herein should be reformed so as to conform to the real contract and agreement * * * made and entered into at the time said notes were signed by him as trustee, viz: that said notes should have recited 'secured and to be paid only by and from the said trust estate.' "

It will be observed Browning is asking the court to take three written contracts made and accepted by these parties (the deed and the two notes) twelve years ago and to write into them matter that will materially alter their terms, and then to determine their rights by these contracts as so reformed. If sufficient evidence be produced, a court may do such a thing; but the evidence must be so clear and convincing as to put the question beyond reasonable controversy. Clarke v. Salyersville National Bank, 260 Ky. 676, 86 S. W. (2d) 674. The evidence in this case does not meet that requirement.

### Signing as Trustee.

The addition of the word "trustee" to Browning's signature did not relieve him of personal respon-

sibility upon these notes. Section 3720b-20, Ky. Stats; James v. Stokes, 203 Ky. 127, 261 S. W. 868; Sandmann v. Getty, 254 Ky. 496, 71 S. W. (2d) 954.

Judgment affirmed.