## Winfree et al. v. Title Ins. & Trust Co.

(Decided May 26, 1936.)

C. H. BUSH for appellants.

S. Y. TRIMBLE for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

On March 11, 1924, the appellants, T. S. Winfree and wife, borrowed from or through the Louisville Title Company $3,750, secured by a lien on real estate. The obligation was evidenced by a series of coupon bonds providing for the payment of $43.95 monthly during a period of ten years. The mortgage or trust deed recites that these sums were to be deposited with the title company, as trustee, to create a sinking fund for the satisfaction of the interest and bonds as they severally matured. The instrument contained a provision for precipitation of the debt before maturity in case of default of payments. After paying 90 monthly installments, the borrowers stopped making payments in August, 1931, which was after the title company closed its doors because of insolvency. The aggregate paid was $3,955.50, which had fully satisfied four of the bonds and left money in the sinking fund for the

others. This suit was filed by the appellee, Title Insurance & Trust Company, successor trustee of the Louisville Title Company, for the balance of the obligation, $1,750, after giving credit by $810.32, representing the sinking fund not yet applied to their debt. The judgment was for $1,549.50, with interest from September 11, 1934.

The only issue in the case was and is whether the borrowers were entitled to interest on the monthly installments which they had paid during the course of the years. The character of the obligations and responsibilities of the Louisville Title Company, together with the complication arising from its insolvency, were considered and fully treated in Fidelity & Columbia Trust Co. v. Schmidt, 245 Ky. 432, 53 S. W. (2d) 713, and Masonic Widows' & Orphans' Home and Infirmary v. Title Insurance & Trust Co., 248 Ky. 787, 59 S. W. (2d) 987. Bonds identical with those sued on here (excepting amounts and names) were involved in those cases. The purpose and economy of the installment payments are discussed in those opinions. We think it was demonstrated that these monthly installments amortized the debt if continued according to the terms of the instruments. In the calculation of these sums, regard had been given the matter of interest. The sums were fixed by the contract. Thus there could be no place for an implication of a promise to pay interest on them. Cf. Schuble v. Chambers, 263 Ky. 53, 91 S. W. (2d) 985. Although the aggregate in payments made by the appellants through the years exceeded the principal of their debt by $255.50, they did not exceed both principal and interest.

The plaintiff raised the plea of res adjudicata upon the ground that the Masonic Widows' & Orphans' Home Case was a representative suit, and the judgment therein fixed the rights of the defendants, since they are in the same class and similarly situated. We may pass by the question of the effect of that judgment in this respect, for it appears that the trial court followed the method of calculation outlined by this court, and we are not convinced that it is improper or erroneous.

Wherefore the judgment is affirmed.