## Browning v. Wells et al.
(Decided Nov. 12, 1937.)

DAVID BROWNING for appellant.

FRANK C. MALIN and CHARLES R. HOLBROOK, JR., for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

In March, 1929, the Paintsville National Bank held a note against one Patrick for $4,000, secured by 1,000 shares of the capital stock of the Venus Oil Corporation of the par value of $10 per share. Patrick apparently was being crowded by his creditors at the time, and he approached the appellant, Iley B. Browning, and offered to sell him the 1,000 shares of Venus Oil Corporation stock pledged on the note, together with 1,340 shares of the same stock owned by Patrick's wife. The proof indicates that the stock in the oil company had a narrow market, and, while a profitable investment, it was largely held by appellant or his relatives. After some negotiation between Patrick, appellant, and the cashier of the Paintsville National Bank, it was agreed that appellant would take the entire 2,340 shares of Venus Oil Corporation stock and would himself execute a note for $4,000 to the bank and pledge all of the shares as security therefor. Appellant testifies that he talked to Mr. Turner, the cashier of the bank, in regard to the matter, and, as a stockholder in the bank, he was interested in assisting it to secure a better loan than Patrick's. He says:

"I explained to Mr. Turner that I would not assume any more indebtedness wherein I could be forced to pay at once, that I was trying to get out of debt, but that if he would agree that the dividends from the stock itself would be accepted as payments on the note, and that the note be held until the dividends paid the note out that I would help the bank out by buying the Venus Oil Corporation stock from Patrick."

The note was executed by Turner, and the stock in the Venus Oil Corporation was transferred to his name and indorsed by him and pledged with the bank. Dividends from the stock were applied against the principal amount due, and the note was renewed several times, until finally a renewal note dated November 24, 1932, in the sum of $2,676.00, was executed and is the note here sued on by the trustees of the defunct Paintsville National Bank. This suit was filed August 7, 1934.

Appellant admits the debt and admits the execution of the note. The only defense asserted is that the bank agreed to carry the indebtedness until the dividends from the stock paid the entire debt and that this

agreement was omitted from the note as the result of mutual mistake. Mr. Turner, the cashier of the bank, testified concerning the transaction with appellant, and says that it was his understanding that, if Mr. Browning purchased the Venus Oil Corporation stock and executed the note, the dividends from the stock would be applied in reduction of the note and that he would not push the collection of the note, but he is very positive in saying that it was not agreed that the bank should look only to the dividends from the stock in order to collect the obligation. It seems unreasonable to assume that the bank would have made such an agreement with appellant and have been unwilling to make a similar ·agreement with Mr. Patrick. If the bank was entirely satisfied to carry the loan with no security other than 2,340 shares of Venus Oil Corporation stock, it certainly would have permitted Mr. Patrick to put up the additional 1,340 shares owned by his wife without requiring him to liquidate the note. Moreover, the bank did not push the collection of the note. Appellant had practically five years in which to pay it.

The appellant in this case asserted the same defense that he is now offering in the case of Browning v. Park Hill Realty Company, 263 Ky. 636, 93 S. W. (2d) 358, 359, and it was there pointed out to him that in order to justify a court in reforming an instrument such as that now before us, the evidence "must be so clear and convincing as to put the question beyond reasonable controversy." There can be no doubt that the evidence presented in the instant case falls far short of that criterion.

Judgment affirmed.