## Lee v. Hendrickson.

October 8, 1946.

Jay H. Taylor and M. G. Colson for appellant.

W. L. Hammond and W. J. Stone for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment in favor of Mrs. Hazel Hendrickson, plaintiff below, in the sum of $617.50. The appellant, H. H. Lee, agreed to sell Mrs. Hendrickson a restaurant and fixtures in Pineville on January 1, 1945, for a down payment of $300, and a further payment of $1005 on January 3rd. Mrs. Hendrickson paid the $300, but when Lee approached her on the mor-

ning of January 3rd she said that, through some misunderstanding, the money had not been sent her from Cincinnati. Later in the morning Mr. Lee again went to the restaurant, and when Mrs. Hendrickson said she had not received the money he took over the restaurant. Mrs. Hendrickson paid off the help, and the weight of the proof is to the effect that she was told she could have the restaurant back if she was able to get the money that day. Around three o'clock in the afternoon (after banking hours) she returned with a check drawn on the First State Bank of Pineville with the notation "O. K. G. R. P." Lee refused to accept the check, even though he was told by Mrs. Hendrickson and another party that George Reese, president of the Bank, had made the notation "O. K." When this action came to trial Mr. Reese testified the check would have been paid. Mrs. Hendrickson sought an order of claim and delivery for the restaurant and fixtures. Lee defended on the grounds that Mrs. Hendrickson failed to comply with her contract; he did not know what the notation on the check meant; and he was not required to accept a check for the final payment. The answer set forth also that the property had been appraised at $1222.50. After both parties had closed, Mrs. Hendrickson was permitted to testify as to the damages claimed in her petition, and over his objection Mr. Lee was recalled and required to testify as to the appraisal made by the sheriff.

Under the first instruction the jury were told to find for Mrs. Hendrickson in the sum of $517.50 if they believed she complied with the terms of the contract. This amount was arrived at by deducting the unpaid balance of $1005 from the sum of $1522.50, which amount represented the cash payment of $300 plus the appraised value of $1222.50. The second instruction directed the jury to find for Mrs. Hendrickson in the sum of $300, if they believed the contract was rescinded by mutual agreement. The third instruction told the jury that, if they believed the $1005 check would have been paid by the Bank on presentation, Mrs. Hendrickson had complied with the contract. The next instruction related to the question of damages in the event a finding was made in favor of Mrs. Hendrickson under Instruction No. 1. Under the last instruction the jury were told that nine or more of them could make a finding.

As we have noted, the jury found for Mrs. Hendrickson in the sum of $617.50, the amount covered by Instruction No. 1, plus $100 damages.

On this appeal the appellant is insisting the burden rested on Mrs. Hendrickson and not him to introduce proof as to the appraised value of the property. It is contended also that Instruction No. 1 is erroneous in that the jury should have been directed to find the value of the property according to the proof, in the event the property could not be returned. Lastly it is contended that a creditor is not required to accept a check, and therefore the instruction relating to the check is erroneous.

We believe the appellant's contentions to be groundless. We have noted he set forth in his answer that the property had been appraised according to law at $1222.-50. He testified only to what he had already pleaded. The first instruction merely directed the jury to make a finding in accordance with the pleadings and the proof. Mr. Lee refused to return the appellee's $300 to her, and we gather from her brief that he had disposed of the restaurant before this action was commenced, and, therefore was in no position to return it. The check showed on its face that it had been O. K.'d by the president of the bank, and, in addition, an attorney, who was with Mrs. Hendrickson, assured Mr. Lee the check was good. The universal practice in handling business transactions is by check, and it is an unusual exception for a transaction involving $1000 to be made in cash. Had Mr. Lee accepted the check and it turned out to be no good, he would have had ample opportunities to protect himself.

Under the circumstances, we think the judgment should be and it is affirmed.