## Hurt et al. v. Kendrick et al.

January 26, 1951.

Cleon K. Calvert, Judge.

P. B. Stratton for appellant.

J. E. Childers for appellee.

JUDGE SIMS—Reversing.

Appellants sued appellees on a written contract to recover a debt of $4455.24 with interest, which the petition averred amounts to $4744. Appellees insist the debt is only $4455.24, and that sum included an overpayment of interest by them to appellants of $696.60 which they are entitled to have credited on the debt.

The Chancellor found the debt was $4455.24 and that appellees were entitled to a credit of $533.38 on account of the overpayment of interest, after charging appellees with $94.10 for court costs. Out of $4455.24 appellees had deposited to appellants' credit in bank to keep good a tender, the judgment directed the master commissioner to pay appellees $533.38 and pay the balance to appellants. The judgment further directed the master commissioner to make appellees a deed to the land securing the debt, in the event appellants failed to do so.

On Aug. 16, 1933, appellants recovered judgment against appellees for $3582 with interest from May 20, 1930, and court costs, to secure which appellants were adjudged a lien on certain land owned by appellees. When the property was sold by decree of court to satisfy the judgment, appellees' daughter became the purchaser for $4455.24. She was unable to pay the sale bond and on Nov. 9, 1934, she, her husband and her parents entered into a written contract with appellants whereby they conveyed the land securing the debt to appellants and the latter agreed to give appellees one year within

which to redeem the property by paying appellants $4455.24, with 6% interest on the original debt of $3582 from Nov. 9, 1934. Under this contract providing for the extension of the time within which the land could be redeemed, appellees remained in possession of the property and appellants were to reconvey it to appellees upon the latter paying the debt.

Appellees did not redeem the land within the year and the agreement was extended from time to time. At first these extensions were by formal written agreements, but as time marched on they were made by appellees paying the interest without any formal agreement being entered into. The last written extension disclosed by the record was dated Nov. 9, 1938, refers to the original writing of Nov. 9, 1934, gave the debt as $4455.24 and contains this paragraph: "Now in consideration of the premises and the payment to the parties of the first part of the sum of $94.88 in hand paid the receipt of which is hereby acknowledged, the parties of the first party hereby extend the time for the payment of said principal sum mentioned in the contract until and including March 9th, 1939."

The land was not redeemed by March 9, 1939, and every four months thereafter appellees paid in advance $94.88 to appellants until March 18, 1944, upon which date they tendered appellants $4455.24. This tender was refused by appellants who insisted that the debt was $4744. Appellees paid no interest after the tender was refused and upon appellants' declining to accept the tender, appellees deposited that sum to the credit of Everette Hurt in the First National Bank of Pineville. Appellants' reason for refusing to accept the tender was not because it was in the form of a check but because it was $290 less than the sum they claimed appellees owed them. Therefore, the tender made Hurt on March 18, 1944, was good. Lee v. Hendrickson, 303 Ky. 39, 196 S. W. 2d 880.

It is insisted by appellants that appellees owe them an item of court costs of $74.10 and interest of $214.92 for one year on the original debt of $3582. Appellees testified this $74.10 was included in the $4455.24 their daughter bid for the land, since she bought it at the decretal sale for the amount of the debt, interest and cost. We are inclined to believe appellees are correct

that this item of cost was included in her bid, but as they do not cross-appeal, the question is not before us and we cannot disturb the chancellor's finding on this item of cost.

The evidence is conflicting as to whether appellees paid interest of $214.92 on $3582 the first year the extension agreement was in force. Appellees testified they paid this interest, and the fact that appellants permitted them to renew this agreement for nine more years is a strong circumstance corroborating appellees that they paid this interest. In the circumstances, we agree with the chancellor that appellees do not owe this interest of $214.92.

But the chancellor erred in deciding that appellees should have paid interest of $71.64 every four months instead of the "interest" of $94.88 they paid for each four months extension, or a difference of $69.72 a year for nine years. True, the first contract granted a year's extension of the right to redeem the land in consideration of appellees paying interest on the original debt of $3582 for that year's extension. But appellees failed to redeem within the first year, and the only other written contract in the record is that bearing date of Nov. 9, 1938, which granted an extension of four months in consideration of appellees paying appellants $94.88 for the privilege. While this figure happens to be four months' interest on $4744, and the first contract of extension provided interest was to be paid on the original indebtedness of $3582, and appellees contend $94.88 was usurious, yet, after appellees failed to redeem the land within the first year, appellants could grant them further extensions upon different terms and increase the consideration for the additional extensions. The writing of Nov. 9, 1938, was a new contract, did not mention the original debt or interest thereon, but made the consideration $94.88 for a four months extension. The subsequent oral extensions followed the 1938 contract rather than the 1934 contract. To the extent that the chancellor adjudged appellees are entitled to a credit of $533.38 for overpayments in interest, the judgment is reversed but in all other respects it is affirmed.

The judgment is reversed.