William GREENWADE, Adm'r, etc.,
Appellants,

v.

Mary Lee WILLIAMS, Appellee.

Court of Appeals of Kentucky.

Feb. 11, 1955.

Rehearing Denied Sept. 23, 1955.

708

Claude P. Stephens, Prestonsburg, for appellants.

Lewis A. White, Mt. Sterling, for appellee.

STANLEY, Commissioner.

On September 1, 1933, Mary Lee Williams gave Martha Greenwade a note for $200, payable three years after date "with 6 per cent interest from date until paid, interest payable semiannually." The note was the third of a series and was secured by purchase money lien. In August, 1948, Mrs. Greenwade's administrator filed suit on the note against Mrs. Williams. Her answer pleaded a tender of payment at its maturity. It was of a check for $236, being the principal and three years simple interest. The tender was continued in the pleadings and evidence. After receiving evidence, the court dismissed the petition and denied the plaintiff any recovery. However, the judgment added a provision that when the defendant should have paid $236 in money to the Master Commissioner, he should release the lien, deduct the costs of the action and pay the balance to the plaintiff. This provision is in accordance with the prayer of the answer.

The plaintiff, as appellant, has filed a motion for an appeal under KRS 21.080. The defendant, as appellee, has objected and moved to deny or dismiss the appeal for want of jurisdiction. We overrule the motion to dismiss and sustain the motion for an appeal although affirming the judgment. We believe an opinion will be more satisfactory to the parties and useful to the profession than filing only a statement per curiam.

The first question is whether or not there is involved "as much as two hundred dollars, exclusive of interest and costs". KRS 21.080. The appellant has claimed and continues to claim that he is entitled to recover $200 with 6 per cent interest, computed semiannually, with each installment of semiannual interest bearing interest until the day of the judgment. He contends there was never any legal tender of payment at the maturity of the note, and, also, that the effect of the judgment is to dismiss his petition and give him nothing since the provision for payment by the defendant to the Master Commissioner is not mandatory and may not be enforced; further, that should the defendant voluntarily pay $236 to the Commissioner, he should not be compelled to bear the costs of the action. This item of costs may not be considered in ascertaining the "amount in controversy".

The term "amount in controversy" used in KRS 21.080 refers to the controversy in this court and not in the trial court. The amount claimed in the argument on appeal is not necessarily the test or measure. It is the sum in dispute to be ascertained from the record. Ordinarily this is found by considering the judgment in connection with the pleadings (see KRS 21.070) and, sometimes, the evidence, as, for example, where the appellee in evidence did not dispute part of the appellant's claim. Commercial Credit Co. v. Harrington, 291 Ky. 434, 164 S.W.2d 953; Gilliam v. Gilliam, 302 Ky. 129, 194 S.W.2d 75. Variable conditions may enter into the consideration, as are reflected in the opinions. But where the defendant is the appellant, the amount involved is, quite definitely, the amount of the judgment against him. Julian v. United Clothing Stores, 180 Ky. 653, 203 S.W. 549.

In determining the amount in controversy where interest is an integral part of the debt sued on and has accrued or is claimed to have accrued before a judgment and was or should have been included in the judgment, interest is generally considered as part of the subject matter and as part of the amount in controversy. Clarke v. Salyersville National Bank, 260 Ky. 676, 86 S.W.2d 674; Whitehead v. Brothers' Lodge, No. 132, I.O.O.F., 71 S.W. 933, 24 Ky.Law Rep. 1633; Moss v. Young, 296 Ky. 415, 177 S.W.2d 372, 151 A.L.R. 441.

In the instant case, as stated, the appellant sought to recover $200 with semiannual interest plus interest on each unpaid installment of interest computed from the date of the note until the date of the judgment, which is a period of 19 years, 3 months and 16 days. On a straight, simple interest computation this would be for a

total of $431.50. If the judgment be regarded as giving the appellant $236, the amount involved on the appeal is only $195.50, for interest from the date of the judgment is not regarded. This is the amount the appellee contends is in controversy. But the appellant still contends that he is entitled to recover much more than $431.50. He says he recovered no judgment at all; however, in the alternative, he argues that if the trial court was correct in holding him to be entitled to $236, the amount is more than $200 because of his claim of simple interest on each semiannual interest not paid when due. It seems, therefore, that since the merits of the appellant's claims must be considered, the amount in controversy is above the jurisdictional minimum of $200.

■ Since the note contained a promise to pay the interest semiannually, at the end of the first six months the payee was entitled to receive $6 and the same sum at the end of every six month period *until maturity*. In McWilliams v. Northwestern Mutual Life Insurance Co., 285 Ky. 192, 147 S.W. 2d 79, 81, the court fully considered the methods of computing interest and held that "where a note expresses the date interest is to be paid and if the interest is not paid when it matures, then such interest becomes an independent debt and itself bears interest until paid." But, as stated in the McWilliams case and definitely decided in Magruder v. DeHaven's Adm'r, Ky., 52 S. W. 795, this computation and right extend only to the maturity of the note, and after that time it is straight-out simple annual interest.

Therefore, the plaintiff in this action was prima facie entitled to recover interest at the rate of 6 per cent from September 1, 1933 (date of the note), for six months to March 1, 1934, which is $6, and interest on that sum to September 1, 1936 (maturity), a period of thirty months, which is 90¢, then $6 with interest thereon for twenty-four months, and so on. According to our calculation, the total accrued interest due on the note at maturity is $38.70. To this should be added simple interest on the principal of $200 from date of maturity (September 1, 1936) until the judgment, a period of sixteen years, three months, fifteen days, which amounts to $195.50, plus the principal of $200, a sum total of $434.20. Colovas v. Allen Motor Co., 242 Ky. 93, 45 S.W.2d 809. That would be the sum plaintiff would be entitled to recover if there was no tender of payment or estoppel to claim interest after maturity of the note; but, as stated, he claims much more and has a basis in the record for his claims. Hence, the "amount in controversy" is above our jurisdictional minimum.

■ It is true there is no mandatory provision in the judgment which requires payment of the money to the Commissioner of the court in place of the check for $236, which had been tendered, but we have no doubt that the provision has been complied with, for the appellant does not say otherwise. We construe the continuing tender into court of $236 as the equivalent of an offer to confess judgment for that sum, so that if the plaintiff was entitled to recover no more, the court properly placed the costs on the plaintiff. Sec. 640, Civil Code of Practice; Harrodsburg Water Co. v. City of Harrodsburg, Ky., 89 S.W. 729.

■ We consider the matter of tender. If there was a valid tender of payment of the note and the tender was kept good, then the obligation to pay further interest terminated; and there was no liability for payment of costs in an action on the note. 52 Am.Jur., Tender, Secs. 31, 39, 40; 86 C.J.S., Tender, § 50.

The note stipulated that it was to be paid "at Frenchburg, Ky." The defendant's evidence is that her husband, as her agent, wrote the plaintiff, administrator of the estate of the payee, a letter addressed to him at Prestonsburg, Kentucky, where the writer understood he lived, to come to Frenchburg to receive payment of the note on the day it was due. The payor and her husband, who then lived at Somerset, went to Frenchburg to pay the note on that day. Mr. Greenwade never appeared there that day nor afterward. The payor waited in

Frenchburg for several days and finally left a check for $236 (principal and interest) with a mutual friend of the parties, D. P. Pieratt, then county attorney, to be delivered to Greenwade and to have him release the lien of record. Pieratt held the check for several months and then turned it over to Cooper Williams, brother of the payor's husband, who had become county attorney, to be delivered to Greenwade whenever he came for it. There was ample deposit in the bank to meet the check then and continued to be at all times. The check was filed with the answer and tendered in the evidence.

On the other hand, Greenwade testified he lived at Cliff, Ky., and had never received any notice from Mrs. Williams or her husband about the note. It was never mentioned to him until five or six years before the trial when Mr. Williams told him he had a check in his pocket for $236, and he replied that was not enough. Greenwade testified he was always ready to receive payment and to release the lien. But he did nothing.

▇▇▇▇ It seems to us that a payee of a note has an obligation or duty to place himself in position to accept payment when the note matures and at the place at which it is to be paid. There was some diligence required on the part of Greenwade, as personal representative of the payee, not to let the note run for nearly fifteen years after maturity without doing something about it. The payor did appear at the time and place stated in the note for payment, not only willing, ready and able to pay but actually leaving a check with a mutual friend of the parties for delivery. Frenchburg is a small town and no difficulty would have been met had Greenwade gone there and wanted to receive payment of the note. It is immaterial that it was a check left with an agent for delivery instead of cash since there was no objection to that medium of payment or form of tender. 86 C.J.S., Tender, § 26; Hurt v. Kendrick, 314 Ky. 503, 236 S.W.2d 275. Nor may the payee be now heard to complain of a trivial deficiency when he was not there to object and to ask for more. It is not likely that he would have asked for more, for simple interest is usually all that one expects to receive. Strictly speaking, there was never a tender of payment, which is defined as being a physical offer to pay money that is due. What the payee did may not have been sufficient under some circumstances to terminate the running of interest, for mere readiness to pay is not the equivalent of a tender of payment, but in the present circumstances it seems to us that there should be applied the rule that "if a debtor is ready at the time and place designated in a contract for payment and the creditor does not attend, the result is the same as if an actual tender had been made." 52 Am.Jur., Tender, Sec. 19.

▇▇▇▇ It is unquestionably the law that if an obligation carries interest, the amount tendered must be sufficient to cover interest up to the date of the tender and that even an insignificant difference is usually regarded as material. A mistake in tendering an amount less than the sum due is the tender's misfortune. 10 C.J.S., Bills and Notes, § 442; 22 Am.Jur., Tender, Sec. 22; 86 C.J.S., Tender, § 7; Lester v. Garrett, 179 Ky. 18, 200 S.W. 47. However, it has been held in a few cases in other jurisdictions that if the difference in the amount of interest tendered and the amount strictly due is trivial, it will be disregarded. 22 Am. Jur., Tender, Sec. 23. The several cases are collected in Annotations, 5 A.L.R. 1234, and 44 A.L.R. 189. It is but the application of the rule of de minimus non curat lex. But in most of those cases the difference was only a few cents. It was held in other cases that deficiencies ranging from a few cents to $2.02, $5.46, and more were fatal to a good tender. Again we come up to the proposition that the payee absented himself and never asked for a larger sum. He ought to be and is held to have waived the deficiency. Cf. Kentucky Chair Co. v. Commonweath, 105 Ky. 455, 49 S.W. 197.

The motion for an appeal is sustained and the judgment is affirmed.