**W. Howard JONES, D/B/A Jones Lumber Company, Appellant,**

v.

**Philip BALL et al., Appellees.**

Court of Appeals of Kentucky.

March 21, 1958.

Thomas Z. Board, Robert J. Watson, Middlesboro, for appellant.

A. E. Funk, Jr., Middlesboro, for appellees.

STEWART, Judge.

Appellees, Philip Ball and Glenda Ball, have moved for an order to dismiss this appeal on the ground that appellant failed to enter a motion for an appeal pursuant to KRS 21.080. This provision recites in substance that when the amount in controversy is as much as $200, "exclusive of interest and costs," and less than $2,500, an appeal may be prosecuted upon paying the tax and filing the record in the office of the clerk of the Court of Appeals in the time and manner required by law, "and entering a motion that the appeal be granted."

Appellant sought in circuit court to recover $2,731.97 as the balance alleged to be due under a contract involving the construction of a house for appellees by his firm. Appellees by answer alleged they owed a balance of only $295.25, and their contention was upheld by the lower court. Appellees then paid this sum and the costs into the lower court.

Appellant's complaint averred he was entitled to recover a balance of $2,731.97, plus 6% interest from September 15, 1954, until paid. According to him, which was undenied by appellees, the house was completed on the date stated, and he computed the interest from the time the building was finished up to the date judgment was rendered in this case, namely, November 26, 1957. He figured the interest to be $360.10 for the period of time mentioned. By adding the interest item to $2,731.97, the sum he sued for as due under the contract, he contends the amount in controversy in the court below was $3,092.07. When $295.25, which was awarded him in the judgment, is deducted from $3,092.07 the difference is $2,796.82, and appellant argues that this last figure shows conclusively that he has taken an appeal as a matter of right pursuant to KRS 21.060.

Appellees maintain that interest may not be added to the debt sued on in order to jack up the amount required and thereby do away with the necessity of complying with KRS 21.080 as to filing a motion for

an appeal. They maintain that $2,731.97, less $295.25, or $2,436.72 is the amount in controversy.

Is interest on a debt up to the date of judgment included in computing the amount in controversy in order to determine the jurisdiction of this Court over the subject matter?

The applicable statutory provisions in this state, although they have not been adhered to consistently, eliminate interest in order to ascertain the amount in controversy for fixing the jurisdiction of this Court. This is particularly true when interest is only incidental to the amount sought to be recovered, but is not true when interest itself is the subject matter of the controversy. Clarke v. Salyersville Nat. Bank, 260 Ky. 676, 86 S.W.2d 674.

An Act approved June 10, 1893, which later became Section 950, Ky.St., provided that no appeal should be taken to this Court "if the value in controversy" should be less than $100, "exclusive of interest and costs". See Laws 1893, p. 1030. Prior to that time, only costs were to be disregarded in connection with the appeal with the result that interest could be combined with principal in reckoning the amount essential to give this Court jurisdiction.

Wood Harvesting Co. v. Taylor, 104 Ky. 217, 46 S.W. 720, 721, 20 Ky.Law Rep. 536, one of the first cases to construe the change mentioned in the law, denied the right of appeal to the harvesting company because, in order to establish the jurisdictional amount needed to perfect an appeal, it had included interest in the amount of $2.19 which had accrued upon its debt prior to the institution of the action. That opinion pointed out that when Section 950 was enacted the Legislature intended by inserting in it the phrase "exclusive of interest" to amend the law, "so as to exclude interest as well as costs in determining whether this court has jurisdiction of an action."

Under an amendment to the Act of 1893 which took effect on June 10, 1898, the minimum amount of the judgment from which an appeal could be taken was increased from $100 to $200 and the limitation "exclusive of interest and costs" was retained in the provision. See Laws 1898, p. 71. Hale v. Grogan, 106 Ky. 311, 50 S. W. 257, 20 Ky.Law Rep. 1856, in interpreting the effect of this amended statute, held that interest which had accrued on two notes before the institution of the action must be eliminated in arriving at the amount in controversy. Clark v. Collins, 60 S.W. 369, 22 Ky.Law Rep. 1304, was decided shortly thereafter and this case, in a short opinion, held, citing the Harvesting Co. case and the Hale case as authorities, "that interest embraced in the amount sued on, as well as interest accruing after the institution of the action, should be excluded" in ascertaining the value in controversy for determining the jurisdiction of this Court.

Section 950, Ky.St., was amended by an Act approved March 17, 1914 (See Laws 1914, p. 71) and became subsections 1, 2 and 3 of Section 950 of Carroll's Kentucky Statutes. When the statutes of this state were later revised subsection 1 of Section 950 became KRS 21.060 and subsection 3 became KRS 21.080. Both of these subsections were thereafter amended by an Act approved March 12, 1952. See Laws 1952, p. 39. In each of the last two amendments the amounts in controversy necessary to give this Court jurisdiction were altered, but the phraseology "exclusive of interest and costs" remained in the pertinent provisions as a qualifying factor.

We have gone to some length to set forth the case law of this state as it pertains to the interpretation that has been given to the language, "exclusive of interest and costs," in its effect on the "amount * * * in controversy" in the provisions that govern an appeal to this Court. The cases we have cited, one of which was decided almost immediately after the exclusionary word "interest" was added by amendment, make it clear beyond question that the Legislature, in laying

down the standard for measuring what should establish the "amount * * * in controversy," intended interest should be excluded, whether such accrued before or after the commencement of the action. Indeed the words "exclusive of interest or costs" are so definite in their meaning that it is hard to conceive how they could be given an import different from that bestowed upon them by the cases mentioned in this opinion.

Wherefore, the motion to dismiss the appeal is sustained.

SIMS, Judge (dissenting).

My disagreement with the majority opinion is that it follows some of our old cases which are not as logical as our later ones. The majority in effect overrules our recent cases and upholds our old ones. It strikes me just the converse should be done. The matter of interest often arises in determining the jurisdiction of the amount involved in appeal, hence the question before the court is of sufficient importance to justify a dissenting opinion.

Let it be remembered we are not dealing with the amount in controversy on an unliquidated claim in the circuit court but with the amount of the *judgment* for the purpose of determining whether the amount of it is sufficient under the statute to give one an appeal under KRS 21.060. The phrase "exclusive of interest and costs" appearing in the statute refers to interest accruing on the judgment and the cost of the action in the trial court. The phrase manifestly does not refer to the interest which accrued on a liquidated claim before the action was brought.

A litigant with an erroneous judgment. against him for a substantial amount of accrued. interest is as much entitled to review and relief as a litigant with an erroneous judgment for a substantial principal sum of a debt. He will have to pay the one as well as the other. It is the *entire judgment* that controls the amount of appeal. This court has so held since the early decisions cited by the majority. In the following cases nothing but a judgment for unpaid interest was involved on the appeal which was entertained: City of Louisville v. Henderson's Trustee, 11 Ky. Law Rep. 796, 13 S.W. 111; Whitehead v. Brothers' Lodge No. 132, I.O.O.F., 24 Ky. Law Rep. 1633, 71 S.W. 933; Clarke v. Salyersville Nat. Bank, 260 Ky. 676, 86 S.W.2d 674. There are other like cases.

In the Whitehead case, 71 S.W. at page 934, it is pointed out as an illustration that there may be involved only interest to the amount of $50,000 on a large bond issue. It was suggested that in such a case it would be "an anomalous construction of the statute which would hold that the plaintiff was remediless as to so enormous an injury."

True, in the earlier cases cited in the majority opinion it was held that interest embraced in the judgment as well as interest accruing on the judgment should be excluded in determining the jurisdiction on appeal. There are other early cases and all of our later ones which hold to the contrary. The question was fully considered in Greenwade v. Williams, Ky., 281 S.W. 2d 707, on page 709, where the court said:

"In determining the amount in controversy where interest is an integral part of the debt sued on and has accrued or is claimed to have accrued before a judgment and was or should have been included in the judgment, interest is generally considered as part of the subject matter and as part of the amount in controversy. Clarke v. Salyersville Nat. Bank, 260 Ky. 676, 86 S.W.2d 674; Whitehead v. Brothers'. Lodge No. 132, I.O.O.F., 24 Ky. Law Rep. 1633, 71 S.W. 933; Moss v. Yount, 296 Ky. 415, 177 S.W.2d 372, 151 A.L.R. 441."

I am of the opinion that the court should have expressly overruled the older cases relied on by the majority instead of impliedly overruling the later cases, and

should definitely hold the "amount in controversy" on the appeal is the amount of the judgment. What is the appeal from? The amount of the judgment, which most always includes interest to the date it was entered.

For the reasons given I respectfully but most earnestly dissent.