## Farar v. Eli, et al.

(Decided May 26, 1922.)

### Appeal from Hopkins Circuit Court.

1. Reformation of Instruments—Intention of Parties—Evidence.—In a suit to reform a deed because of mutual mistake in drafting it, where upon the whole evidence the logical and reasonable conclusion is that the deed does not express the intention of the contracting parties, it is the duty of the court to grant reformation.

2. Deeds—Intention of Parties—Mines and Minerals.—Evidence examined and held to show that it was the intention of the parties to the deed in controversy to exclude from its provisions the conveyance of the mineral rights in the land described.

GORDON, GORDON & MOORE and J. T. GOOCH for appellant.

LETCHER R. FOX and J. A. JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This is a companion case to that of J. D. Eli against C. J. Trent, &c., this day decided. The suit was instituted in the Hopkins circuit court to recover a judgment of $790.00 against appellees, for the breach of covenants of warranty in deeds from J. D. Eli to W. H. Ray, and from the latter to appellant, who claims the right to rely on both warranties. The deeds conveyed the fee to a tract of about 40 acres of land, but neither of the grantors

owned the minerals in the land. In the companion case we decided that the grantee was not entitled to recover on the original warranty since it was breached previously to the grant to him. That decision, however, does not dispose of this case, which was decided on another proposition that we are asked to review.

In resisting the attempted recovery appellees averred that prior to the conveyance from Ray, appellant knew that neither Ray nor the original grantor held title to the coal or minerals in and under the land conveyed; that it was agreed between appellant and Ray that the coal and minerals were to be reserved in the conveyance to appellant and by mutual mistake of the parties to the deed and by the mistake of the draftsman of it, the deed erroneously failed to include the reservation agreed upon. They asked that the deed be reformed to conform to the intention of the parties at the time it was executed. The trial court found the facts to accord with the defense made, and adjudged a reformation of the deed conformable to the intention of the parties in executing it.

On this appeal it is insisted that the evidence does not support the finding of fact. It has been uniformly held that a deed of conveyance will not be set aside on the ground of mutual mistake unless the proof of the mistake is full, clear and convincing .(Mattingly v. Speak, 4 Bush 316; Whitt v. Whitt, 145 Ky. 367; Ison, &c. v. Sanders, 163 Ky. 605.) As to the amount and character of evidence necessary to sustain the burden imposed upon the party who seeks to have the deed reformed, no invariable rule can be laid down for the question must necessarily be determined on the facts shown to exist in the particular case under consideration. But it can be said that where upon the whole evidence the logical and reasonable conclusion is that the deed does not express the intention of the parties the burden is sustained and it is the duty of the court to grant reformation.

A detailed discussion of the issue of fact in this case is unnecessary. The evidence seems to us to measure up to the legal requirements indicated and to show that it was understood by the parties when the deed was made that the mineral rights were not to be conveyed. There is proof in the record to the contrary, but a review of the evidence as a whole leads to the conclusion that it was intended by the parties to except the minerals from the conveyance. This was the opinion of the chancellor and we believe it to be sound. There is not only ample

evidence to support the finding but also to sustain the burden of proof. In that view of the case the judgment must be affirmed and it is so ordered.