## Schroath et ux. v. Pioneer Building Ass'n of Newport, Ky.

(Decided May 13, 1938.)

C. C. ADAMS for appellants.

W. C. BUTEN and JOHN W. HEUVER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, The Pioneer Building Association of Newport, Ky., is a building and loan corporation with its chief office in Newport, Ky. On December 3, 1927, it loaned to the appellants and defendants below, Martin Schroath and wife, $5,000 to be paid by the maturity of building and loan stock in plaintiff, then and there subscribed for and taken by the borrowers—the dues and assessments upon which were stipulated, and payable monthly, with the proviso that upon certain defalcations in such payments the whole amount of the note executed for the borrowed amount might be declared to be due by plaintiff and enforced. Payments of the dues and assessments were thereafter made by defendants, but on May 26, 1934, defaults existed and plaintiff declared the entire amount of the balance of the debt due, which, after crediting all payments, amounted to $3,753.63, and it filed this equity

action in the Campbell circuit court against defendants to recover judgment for the debt and the enforcement of a mortgage to secure it on some real estate in Campbell county that defendants executed simultaneously with the borrowing of the money.

An amended petition was later filed manifesting the fact that on the same date of plaintiff's note and mortgage defendants had given a second mortgage on the same property to Phillip Schroath, the father of Martin Schroath, to secure a $1,500 indebtedness that the son owed to the father; but which lien was expressly made inferior to the one of plaintiffs, and the executors of Phillip Schroath (he having died testate) were made parties to the action and were called upon to assert their secondary rights in and to the mortgage premises. Subsequent pleadings filed by defendants revealed the fact that plaintiff's mortgage did not contain 2.23 acres of the entire farm owned by them, and for which reason they contested the right of plaintiff to assert a lien on that omitted parcel; whereupon plaintiff filed a second amended petition in which it averred that it was the intention of all parties at the time the mortgage was executed to include all of the unit farm then owned by defendants—which embraced the 2.23 acres not contained or described in the mortgage to plaintiff—and that the failure to embrace it therein was through oversight and mutual mistake, and it sought a reformation of the mortgage so as to make it conform to such alleged intention of the parties at the time it was executed.

Summons was served on defendants upon the filing of that amendment, and they later appeared and denied its averments, which made the exclusively litigated question one of the right of plaintiff to reformation it sought by its second amended petition. A considerable amount of testimony was taken on that issue and upon final submission the court reformed the mortgage in accordance with plaintiff's prayer therefor, and held that its lien attached to the 2.23 acres, and proper orders were made to enforce it by sale. To reverse that judgment defendants (mortgagees) prosecute this appeal; but the executors of Phillip Schroath to not join therein.

The answer of defendants not only denied the oversight or mistake relied on by plaintiffs by which the 2.23 acres was not embraced in its mortgage, but they

also pleaded negligence in failing to embrace that omitted parcel of land and likewise interposed a plea of limitations, as prescribed in section 2515 and 2519 of our present Statutes. Following pleadings and motions made the issues, which the court disposed of in the manner indicated.

The proof developed these uncontroverted facts: That on June 14, 1895, Phillip Schroath acquired by purchase a tract of land containing 53 acres in Campbell county (with some small exclusions therefrom) which was bounded on the southeast by Pond Creek road, which intersected with the Licking pike a short distance from the southeast corner of the tract, and which prevented that tract from reaching or touching Licking pike. On May 28, 1912, Phillip Schroath purchased from William G. Walker and wife—who owned the land adjoining him on the southeast—a small triangular parcel of land fronting on Licking pike which was and is the 2.23 acres in contest, thereby acquiring a frontage on that pike for his farm, and he then annexed that triangular strip to his larger and first acquired tract, and continued thereafter to use the combined parcels as a unit farm until sold by him 10 years before his death, occurring in 1933.

On the 9th day of August, 1923, Phillip Schroath (his wife having died) executed a deed, conveying to his son, the defendant Martin Schroath, all of his unit farm (embracing both the larger 53-acre tract and the later-acquired smaller tract of 2.23 acres), and in it he described the land so conveyed by him in two parcels—the larger tract on the first page of the deed that he so executed, and the smaller tract on the same sheet but on the back of that page. The consideration agreed to be paid to the father by his son, the defendant, was $7,000 —only $500 of which was paid—leaving $6,500 as a vendor's lien on the entire unit farm. The father, Phillip Schroath, was anxious to obtain some cash on the debt due from his son, and negotiations began, looking to the latter procuring a loan for the amount needed by the father, which was $5,000, resulting in plaintiff agreeing to lend that amount to the son on condition that a first mortgage would be given on the farm to secure it, and that the balance of the father's debt of $1,500 would be subordinated to plaintiff's $5,000 debt. All parties agreed to that, and Hon. W. C. Buten—who was then

county judge of Campbell county and attorney for plaintiff—was called upon to draw the mortgage.

Prior thereto plaintiff sent two appraisers to inspect the farm before it agreed to make the loan, and they did so and testified that they took into consideration the entire unit farm—there being no separation of the two tracts by any visible line of any kind—and that they never knew that it was composed of two separately acquired tracts. Upon the occasion of the drafting of the mortgage, defendant, Martin Schroath, produced his deed executed to him by his father with the descriptions contained therein as above stated, and Mr. Buter, who was then busy with his duties as county judge, directed his stenographer to fill in a blank mortgage prepared by plaintiff for universal use. The stenographer in describing the land intended to be incumbered, by oversight and mistake, copied only the description of the larger tract contained on the first page of that deed and failed to observe the description on the back of that same sheet of the smaller tract, and the mistake was never discovered until it was manifested in this suit in the manner hereinbefore described; but which was slightly more than seven years after the execution of the mortgage.

That such mistake was so made by which the smaller tract was not embraced in plaintiff's mortgage is overwhelmingly established by the proof. It is practically admitted by defendant, Martin Schroath, and is not contested by the executors of Phillip Schroath, who held a second mortgage on the entire unit farm for the balance of his debt embracing the smaller tract of 2.23 acres. Although counsel argue that the mistake was not established by the quantum of proof necessary to obtain reformation, yet we are convinced that it would be a waste of words as well as space to undertake to refute that contention in the light of the testimony contained in the record. Besides, the trial court found that the mistake or oversight was made, and, unless we entertain something more than a doubt as to the correctness of that finding, we would not be authorized to disturb it. No such doubt is entertained by us, and we will devote the remaining portion of this opinion to the other grounds argued for a reversal, which are: That the right of action is barred by the provisions of section 2515, supra, of our Statutes, and that the ten years'

limitation provided for by section 2519 of the same Statutes may not be invoked by plaintiff because of its alleged negligence and its failure to exercise ordinary care to discover the mistake, if any, within the five-year period of limitation prescribed in the first section 2515, supra, of our Statutes.

Two briefs are filed on behalf of appellants, in which a great number of cases are cited, supposedly in support of the insistence that plaintiff has no right to maintain the action—conceding the mistake—because of the reasons stated. The burden of counsel's argument against the correctness of the judgment is that an examination of the recorded deeds, to which we have referred, would have revealed the failure to incorporate in plaintiff's mortgage the smaller tract of land, and that the records of those deeds furnished constructive notice of the true facts so as to bind plaintiff and to estop it from insisting that it failed to discover the mistake within the five years' limitation provided for by section 2515, supra, of our Statutes. But the trouble with that argument is that an examination of the records would not have revealed the mistake insisted on herein, i. e., whether the description contained in the mortgage did or did not also embrace the smaller tract, and that it (that description) was a boundary of the entire unit tract intended to be encumbered by the mortgagor in favor of plaintiff at the time the mortgage was executed. Such an examination would have revealed that the unit farm so intended to be mortgaged was composed of two tracts acquired by defendant's father on two separate dates; but it would not necessarily show that the one description contained in the mortgage did not also embrace both tracts. Therefore, the numerous cases and authorities cited in counsel's brief to sustain his contention that such recorded instruments furnished constructive notice of the mistake revealed thereby, so as to start the statute of limitations to running, are not applicable to the state of facts presented by this record, even if it should be conceded that the general proposition of counsel is sound, but which is disputed by some text-writers and a respectable number of opinions of courts of last resort. There seems also to be a contrariety in the opinions of this court upon the same question. See the text in 27 C. J. pages 761, 762, and 763, sections 652 and 653.

But be that as it may (and we will not now and here attempt to decide the question), the general principal contended for is not applicable to the facts of this case for the reason hereinbefore stated. Some of the cases relied on by counsel for appellants are Clarke v. Salyersville National Bank, 260 Ky. 676, 86 S. W. (2d) 674, 675; Schuble v. Chambers, 263 Ky. 53, 91 S. W. (2d) 985; Hall's Adm'r v. Hall's Ex'r, 265 Ky. 528, 97 S. W. (2d) 23; First National Bank of Jackson v. Robinson, 253 Ky. 781, 70 S. W. (2d) 674, 675, and Provident Savings Life Assur. Soc. v. Withers, 132 Ky. 541, 116 S. W. 350. But in examining them it will be found that the issue in each of them was whether or not the alleged mistake was made, and then whether or not it was proven by the clear and convincing evidence required in order to obtain reformation. None of them involved the question of diligence demanded of the one seeking the reformation to discover the mistake, but which is the only question involved in this case, since we have eliminated the ones of the existence of the mistake, and its establishment by the proper amount of proof.

The text in 53 C. J. pages 932, 938, and 948, sections 51, 57, and 63, says that the mistake of a scrivener in drafting a written instrument affords ground for reformation of it so as to conform to the true understanding of the parties when proven by the quantum of proof necessary therefor; and the same text on page 967 of that volume says: "Mistake of agent in writing a contract is not negligence of the principal estopping him from having it reformed." In note 66 to that text the case of McCain v. Columbia Finance & Trust Co., 97 S. W. 343, 29 Ky. Law Rep. 1292, is cited in support thereof. Further discussion with the inclusion of additional authorities would more firmly establish our conclusions that the mistake herein claimed occurred as pleaded by plaintiff, and that it is proven by the necessary proof to entitle it to a reformation of its mortgage; and also that it should not be chargeable with negligence, either in producing the mistake, or in failing to discover it. However, we deem it unnecessary to do so, since what we have already said is amply sufficient to sustain the judgment of the trial court.

Wherefore, for the reasons stated, it is affirmed.