## Whitt et al. v. Proctor et al.

September 26, 1947.

Robert M. Coleman, Judge.

Hines & Hines for appellants.

L. B. Jones for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On November 5, 1925, C. W. Roberts and wife, Lillie Roberts, purchased from J. S. Wright five lots, Nos. 158, 159, 160, 161, and 162 in the Normal View Addition of Bowling Green. The lots formed one contiguous unit area with no division fences separating them, but there was a fence enclosing a yard around the dwelling located on lots 160, 161 and 162. On lots 158 and 159 there was an old barn and a more or less aged peach orchard.

All the lots were occupied by Robert and wife as one tract until May 6, 1935, when he and his wife sold the property to Mable Robison and husband, T. P. (Tom) Robison. The deed they executed specified the sale of only lots 160, 161 and 162, but the vendees took possession of the entire area of all of the five lots.

C. W. Roberts and wife remained in the residence with their vendees after the latter took possession for a month or more during which time the vendees removed the remaining peach trees on lots 158 and 159 and tore down and removed the barn standing on those two lots which was done without any protest or objection from C. W. Roberts and wife. When the latter left the premises, after remaining thereon for a month or more succeeding the taking possession by the Robisons, they moved to a rented residence in Bowling Green and continued to live in that city until 1938 when C. W. Roberts died and his wife continued to reside thereafter in the same city, but neither of them ever listed lots 158 and 159 for taxes, nor did they ever pay any taxes thereon. On the other hand the Robisons did assess the entire property for taxation and paid the tax after receiving their deed from Roberts and wife, and succeeding vendees did likewise.

The present owner, E. K. Proctor, discovered the omission of lots 158 and 159 from the deed of C. W. Roberts and wife to the Robisons after he purchased the property from L. O. Cohron and wife, to whom Mable Robison and husband, T. P. Robison, had conveyed it on February 25, 1943. In all of the deeds following the conveyance of C. W. Roberts and wife to the Robisons the conveyance mentioned only lots 160, 161, and 162, but each vendee took possession of all of the entire area composed of all five lots.

After the discovery by Proctor that lots 158 and 159 were, by mistake or oversight, not included in the description of the deed of Roberts and wife to the Robisons, Cohron and wife and Robison and wife jointly filed this action in the Warren circuit court for the use and benefit of Proctor and wife (present owners) against the widow of C. W. Roberts and all of his heirs, who are adults, and also against all intermediate vendees. They alleged in their petition that lots 158 and 159 were by mistake or oversight of the draftsman of the C. W. Roberts' deed omitted therefrom. They prayed that E. K. Proctor and wife be adjudged the owners of the entire area and that the Master Commissioner of the Court be ordered and directed to execute a deed conveying the omitted lots, 158 and 159, to Proctor and wife, which the court, after proof heard, sustained and directed the

Commissioner of the Warren circuit court to execute a deed as prayed for in plaintiffs' petition; from which judgment this appeal is prosecuted.

The deed from Roberts and wife to the Robisons was drafted by one Speck who appears to have been the then Master Commissioner of the Warren circuit court, but he did not testify in the case, nor does it appear that he is still living, but all of the intermediate vendees, following the conveyance by Roberts and wife to the Robisons, testified that they purchased the entire area embracing all of the five lots and, as stated, occupied and used that area and paid taxes thereon with no objection from Mrs. Roberts or any of the heirs of C. W. Roberts, all of whom are adults. C. W. Roberts, in selling the land to the Robisons, pointed out the boundaries of the area he was selling which included all of the five lots.

It was uncontradictedly proven that C. W. Roberts for four years or more before his death was in bad health and financial straits, but neither he nor his widow after his death asserted ownership of lots 158 and 159 until the mistake was discovered by Proctor when for the first time Mrs. Roberts claimed that those two lots were not intended to be conveyed to Robison and wife and that she and the heirs of C. W. Roberts were the owners thereof.

That courts for a mistake of the scrivener or through mutual mistake of the parties will reform deeds so as to eliminate property not intended to be conveyed or to include property which was omitted but intended to be conveyed, is thoroughly settled and is specifically pointed out in 45 A. J. 616, 617, under the headings of "Mistake of Scrivener" and "Mutual Mistake." The rule has also been declared in many opinions of this court, two of which are Irwin v. Westwood Real Estate & Development Co., 200 Ky. 760, 255 S. W. 546, and Farar v. Eli, et al., 195 Ky. 30, 241 S. W. 326. Many other opinions of this court to the same effect could be cited.

Counsel for appellants concede the rule to be as stated, which presents for our determination only the question of fact as to the alleged oversight or mistake by which lots 158 and 159 were omitted from the description in the deed from C. W. Roberts and wife to the

Robisons. The only witness who testified in the case denying the mistake or oversight relied on by plaintiffs, is Mrs. Roberts, but she does not deny witnessing the taking possession of lots 158 and 159 by the vendees of her and her husband's deed and their removing the old peach trees and the barn from lots 158 and 159, without any objection or protest from her or her husband. She was left in pecuniary straits as hereinbefore shown and asserted no claim thereafter to the omitted lots, from which she might have obtained relief financially if she had owned them. Her silence and acquiescence, as described, speaks louder than her belated denial in this case that the disputed lots were not intended to be conveyed to the Robisons.

We therefore conclude that the proof fully meets the requirements of the rule that before relief in such cases could be given to the seeking litigant the proof should be clear and convincing, and that the trial court correctly so held.

Wherefore the judgment is affirmed.