## Martin et al. v. Wagers et al.

April 22, 1949.

Rehearing denied June 10, 1949.

Murray L. Brown and H. H. Owens for appellants.

William Lewis and William Weaver for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This action was brought by appellee, Lucy Wagers, to reform the description in a deed on the ground of mistake, and to enjoin appellants from obstructing a four foot strip of land allegedly owned by her. Appellants pleaded the five year statute of limitations. The Chancellor found that there was a mistake in the description of the property conveyed by appellee to appellants; determined the statute of limitations barred appellee's right to correct the deed; but decided she was the owner of the four foot strip and permanently enjoined appellants from obstructing it. Both parties appeal.

On October 9, 1936 appellee undertook to convey to appellants a tract of land in Manchester abutting the Manchester Highway on the west and lying immediately south of what is described as the "Church lot." After purchasing this property, appellants erected a large building thereon which practically covered it, except that a four or five foot strip of land was left open between the north side of the building and the south line of the Church lot. Sometime in 1945 appellants erected

on this strip a coal house, and appellee testified this was the first notice she had that appellants were claiming it.

Appellee owns a tract of land lying east of the property she conveyed on which is a house she uses for a residence. She testified that she had always intended to reserve the four foot strip of land as a passway from her home to the Manchester Highway.

The description in the deed was as follows: (our italics)

"Beginning at a point four feet north of *north East corner of Church lot,* thence extending *along the east line of Church lot* to London and Manchester Highway, thence with highway to East side of gas tank. Thence with a straight line extending ten feet north of a locust post at north east corner of garden, thence with a straight line to point of beginning."

This deed was recorded January 6, 1939.

The description is obviously incorrect. The Church lot is directly north of the land sought to be conveyed. The Manchester Highway lies to the west. If one started at or near the *northeast* corner of the Church lot and followed the *east* line of such lot, he would never get to the Manchester Highway. On the other hand, if one followed the *north* line of the Church lot to the Manchester Highway, the description would include the entire Church lot, which appellee did not own and appellants did not intend to buy. The argument of appellants that there was no mistake in the description is untenable.

However, appellants' contention that the five year limitation period (KRS 413.120) barred appellee's right to reform the deed has merit. This action was instituted February 13, 1946, and the deed was executed by appellee over nine years prior thereto, on October 9, 1936. Appellants insist that even though the cause of action was not deemed to have accrued until the discovery of the mistake under KRS 413.130(3), the recording of the deed on January 6, 1939 was constructive notice of the mistake, and surely appellee's claim was barred five years after this latter date.

Appellants' plea of limitation must be sustained. Assuming, without deciding, that appellee would have a

period of five years after the discovery of the mistake to bring this suit, she must have alleged and proved that she did not and could not have discovered it by the exercise of reasonable diligence. Woods v. James, 87 Ky. 511, 9 S. W. 513; Forman v. Gault et al., 236 Ky. 213, 32 S. W. 2d 977. Due diligence requires that fraud or mistake be discovered at least within five years from the date of the recording of a deed. Elkhorn Coal Corporation v. Hite et al., 225 Ky. 735, 9 S. W. 2d 1083; Cox et al. v. Simmerman et al., 243 Ky. 474, 48 S. W. 2d 1078. As the Court below adjudged, appellee's cause of action to correct the description is barred.

The Chancellor below, however, granted appellee the relief she sought by adjudging her the owner of this four foot strip. We think this was error. Appellee proved no estoppel nor did she establish that this strip constituted a way of necessity, which at most would entitle her only to an easement.

In order to determine her right to an injunction, the deed as written must be construed. Both parties agree that the correct beginning corner is four feet (either east or south) of the *southeast corner of the Church lot.* For the boundary to extend *along* the line of the Church lot to the Manchester Highway fixes the beginning point as four feet east of the southeast corner. Reading the rest of the description from this beginning, the four foot strip was conveyed to appellants. Reversing and correcting the calls in the description to follow physical objects and established lines would reach the same result. Since a deed must be construed most strongly against the grantor, there is no basis for allowing her the four foot strip which she says she intended to reserve.

Before closing this opinion, we wish to call to the attention of appellants' attorneys the fact that their brief wholly failed to comply with Rule 1.340 of this Court and could have been stricken. Attorneys should not jeopardize their clients' interests by failure to follow the very simple and obviously practical rules with respect to the form and contents of briefs filed on appeal.

For the reasons stated, the judgment is reversed with directions to dismiss appellee's petition.