**ALTHAUS et al. v. BASSETT et al.**

Court of Appeals of Kentucky.

Feb. 1, 1952.

Bertram & Bertram, Monticello, for appellants.

Bruce H. Phillips, Monticello, for appellees.

CLAY, Commissioner.

This suit was instituted to correct an alleged mutual mistake in a deed description, and the Chancellor adjudged that the deed (and certain other instruments) be reformed. The controversy is not between the original parties to the deed, but between the original grantor and a subsequent purchaser of the property.

In 1944 one Bassett sold and conveyed to one Huff a mill site and lumber yard in the City of Monticello. The property was surveyed and the surveyor's description was written into the deed. Approximately nine months later Huff conveyed the land, by the same description, to the principal appellant. Four and one half years later Bassett, the original grantor, instituted this action to reform the deed on the ground that one call therein was erroneous, resulting in a description coverage of land which was never intended to be conveyed.

The original grantor is dead, but the original grantee Huff admitted that the mistake had been made. An attorney and the surveyor testified that prior to the execution of the deed they, with the grantor and grantee, went on the premises, walked the boundary lines agreed upon, and the description was intended to accord with this agreement. It was to include a planing mill, storage shed, and perhaps other smaller buildings, but was not intended to inclose a warehouse. There is abundant evidence that the error was made in a call set forth as "S 12 E" instead of "S 20 W".

If the call in the deed was correct, the property conveyed would not only embrace the warehouse (referred to as "a frame building") but would cut through the lawn of the grantor's residence, would divide a garden on other rented premises, and would take in part of a tract of land owned by a third party. In addition, the following calls would run through the lumber yard and would not close without passing through the principal buildings on the mill site.

Appellants in their brief state that the only issue in the case is whether or not there was a mutual mistake in the deed description. If this is so, the disposition of the case is a simple matter. The proof was overwhelming, as a matter of fact uncontradicted, that the description did not accurately encompass the boundary lines which the parties to the original deed intended. The clear and convincing evidence authorized reformation as between the original parties.

The real issue is whether or not appellant, a subsequent purchaser for value, was without notice of the mistake. If so, it would be inequitable to reform his deed. The Chancellor found that he had such notice, or at least had information sufficient to put him on inquiry as to the correct boundary line.

With respect to this question, Huff testified that he personally took appellant upon the property, walked the boundary lines, advised him that the warehouse was not being conveyed, and told him he would have the privilege of renting it from the original grantor on the same basis it was rented by Huff. This is denied by appellant.

However, there are additional facts indicating he knew the correct limits of the tract conveyed to him. He spent a substantial amount of money on the mill property, but he was careful to confine his improvements within the boundaries the original parties had agreed upon. In addition, there was evidence he paid rent on the warehouse to the original grantor, thereby showing that he did not consider himself the owner of this property even though it was included in his deed description. There is a path on appellant's property leading to the warehouse, and in

the original deed the grantor had reserved the right to use this path as a means of ingress and egress to that building. Appellant had knowledge of this pathway. Still further, if he had examined the deed conveying the property to his predecessor in title, he would have known (if he did not know already) that the warehouse site had not been conveyed either to his predecessor or to him.

For almost five years appellant occupied these premises and carried on his business without claiming ownership of the warehouse, and without using or improving the property outside the originally intended boundary. The Chancellor heard the witnesses, and his opinion indicates he very carefully analyzed the evidence. He reached the conclusion that appellant knew, or should have known, the correct boundary lines of his property. There was ample evidence to support this finding. We therefore are unable to see wherein his judgment was erroneous.

The reformation also corrected another call, but appellant apparently admits this mistake should be corrected.

The judgment is affirmed.