**HAMBLIN et al. v. JOHNSON et al.**

Court of Appeals of Kentucky.
Dec. 5, 1952.

As Modified on Denial of Rehearing
Feb. 6, 1953.

B. B. Snyder, Williamsburg, for appellant.

L. O. Siler and Glenn H. Stephens, Williamsburg, for appellee.

DUNCAN, Justice.

This appeal is from a judgment fixing the boundary line between appellants' land and the adjoining land of appellees. The relief granted carried with it a reformation of the deeds of both parties to conform to the division line fixed by the court.

The appellants have brought to this court only a partial record which omits the testimony heard in the lower court. We are, therefore, confined in our review to the sufficiency of the pleadings to support the judgment. Upon all disputed issues of fact, we are required to assume that the evidence supports the finding of the lower court.

From the pleadings and memorandum opinion of the court, we are able to gather some of the facts. Green Lawson died in 1942, the owner of a sixty-five acre mountain farm, separated into two parts by the L. & N. Ry. running through the farm in an approximate east-west direction. By his will, Green Lawson directed that his lands be equally divided between his daughters, Nannie Honeycutt and Laura Barnhill, and the appellee, Albert Johnson, the latter having been reared in the home of testator. In the voluntary partition, Johnson was given the residence and about twenty acres of the land located south of the railroad. Laura Barnhill received land on the north, and Nannie Honeycutt was awarded all remaining land south of the railroad, which joined the lands partitioned to Johnson. In the division of the lands,

the parties employed Sam Rains, a deputy county court clerk and surveyor. In his capacity as surveyor, he made some sort of a survey of the division lines pointed out to him by the parties, and in his capacity as deputy clerk, he prepared the partition deeds.

No fence was erected on the line between Johnson and Nannie Honeycutt, and the land was cultivated on the Honeycutt side up to the division line claimed by Johnson. In 1944, Nannie Honeycutt sold her land to Alfred McFaddin, and McFaddin, in 1946, sold to the appellant, Dant Hamblin. The present dispute arose in 1949 when Hamblin commenced the construction of a fence on what Johnson contended was his side of the line as agreed upon in the division. On April 4, 1950, Johnson filed his petition in equity against Hamblin, seeking to have the description in his deed reformed so as to conform to what he contends was the correct division line. Special and general demurrers were filed and overruled, and the issues were completed by answers and replies, with amendments to both the petition and answer. The court, after hearing the evidence, finally went upon the land in company with a deputy sheriff and fixed a division line between the parties, differing materially from the line claimed by Hamblin and slightly from that claimed by Johnson. The line located by the court was fixed by the judgment and the deeds reformed in their descriptions to that extent.

At the outset, we may say that neither of the deeds as originally prepared will plat according to the degrees and distances given. An effort to reconcile the conflicting claims convinces us that mistakes exist in both instruments.

■ Appellants insist that the special demurrer to the petition should have been sustained because of a defect of parties, in that appellants' immediate and remote grantors were necessary parties to a reformation. From a technical standpoint, it may have been better practice for appellants' grantors to have been named as parties. However, the location of the division line directly affects only the parties to this action. Wherever it may be fixed, Johnson's ownership extends to the line on one side and Hamblin's on the other. The question of the extent to which Nannie Honeycutt and Alfred McFaddin may be bound by the judgment is not before us, and we do not pass upon the question. The only possible interest they could have had would have been as possible warrantors, and that is an issue which could not affect Johnson's right to a location of the division line.

■ Appellants rely upon the five-year statute of limitations as defeating appellees' right to the reformation. KRS 413.-120. The rule is that limitation does not run where a grantee under a deed, which by mutual mistake does not describe the property granted, has been in possession of the land. Carr v. Burris, 148 Ky. 232, 146 S.W. 424. Appellees' petition alleged their possession to the line which they claimed. We think this allegation is sufficient to remove the case from the application of the statute.

Appellants rely upon the case of Martin v. Wagers, 310 Ky. 363, 220 S.W.2d 580, as supporting their plea of limitations. In that case, the possession of the party seeking reformation was not shown and the matter of limitations was determined without regard to the possession of either party. We think this case is distinguishable on the facts.

■■ Finally, it is insisted that the deed cannot be reformed against appellants because they are innocent purchasers. The court found that appellants were not innocent purchasers, and we must assume that the evidence supported the court's finding in this respect. A deed may be reformed against a subsequent purchaser with notice. Althaus v. Bassett, Ky., 245 S.W.2d 943.

The judgment is affirmed.