Walter Franklin BURBERRY, Appellant,

v.

Walter Calvin BRIDGES and Ethel Bridges,

Appellees.

Court of Appeals of Kentucky.

May 3, 1968.

**584**

Elwood Rosenbaum, Rosenbaum & Sullivan, Lexington, for appellant.

Charles Landrum, Jr., Denney, Landrum, White & Patterson, Lexington, for appellees.

EDWARD P. HILL, Judge.

This is an appeal from a judgment entered upon the verdict of a jury finding both appellant and appellees guilty of negligence and refusing to find damages for either of them. Appellant filed the complaint asking for damages for personal injuries. Appellees counterclaimed for property damages.

The accident occurred Sunday morning, October 24, 1965, on Southview Drive in Lexington, Kentucky. Appellee Walter Calvin Bridges was traveling south in his automobile. Appellant Burberry was riding a motorcycle in a northerly direction. Bridges desired ' to make a left turn off Southview Drive to the Jones' residence. Bridges was being closely followed by another automobile, so he, Bridges, pulled over in the middle of the street (there was no marked center line) to give the car following him room to pass his car to its right. Seeing another car coming north, Bridges stopped with his wheels cut to the left preparatory to making a left turn into the Jones' driveway. Burberry was following the car going north. It is not clear whether Bridges started his car and turned to his left after the northbound car cleared the road or whether Bridges remained in the stopped position he occupied while the northbound car was passing. In any event, Burberry ran into the center of the front part of Bridges' automobile, and he was thrown off his motorcycle and out into space for some distance resulting in serious injuries to Burberry.

Although appellant's argument is presented under eight separate headings in his "Table of Contents and Authorities," his argument is not subdivided. The gist of appellant's argument, however, is that appellee Walter Calvin Bridges was guilty of negligence as a matter of law and that there was no negligence shown on the part of appellant.

Appellees first contend that the appeal must be dismissed because appellant's brief

does not conform to RCA 1.210, which prescribes the contents of a brief. When compared with RCA 1.210, it is obvious that appellant's brief does not comply. Instead of following the format laid out by the rule, appellant has labeled the sections of his brief: "Statement of Facts," "Issues," "Arguments," and "Conclusion." Furthermore, his "Argument" section is not properly subdivided.

RCA 1.260 sets out penalties for failure to comply with Rule 1.200, which include a provision that "the brief or briefs of the offending party *may* be stricken." (Emphasis added.) This rule leaves the penalty to the discretion of the court, which may or may not decide to strike appellant's brief. Appellant's brief includes all the elements essential to a brief although they are misnamed and not in their proper order. Appellees' motion to strike appellant's brief is overruled.

Appellees argue that the appeal should be dismissed because appellant "having designated only a part of the evidence, the presumption is that the omitted evidence sustains the finding of the court and jury on the issues presented." Wells v. Wells, Ky., 406 S.W.2d 157 (1966); Hamblin v. Johnson, Ky., 254 S.W.2d 76 (1952). Apparently the only time this presumption does not arise is when the omitted portions of the record were not considered by the trial court or did not influence its decision. Cadden v. Commonwealth, Ky., 242 S.W.2d 409 (1951). When the presumption is present, this court can do no more than determine whether the pleadings support the judgment. Willis v. Davis, Ky., 323 S.W.2d 847 (1959); Meglemry v. Bruner, Ky., 344 S.W.2d 808 (1961). It is also reasonable to place upon appellant the duty to designate and file a record sufficient to enable the court to pass on the alleged errors. Federal courts have so held in interpreting Rule 75(a). T. V. T. Corporation v. Basiliko, 103 U.S.App.D.C. 181, 257 F.2d 185 (1958); Moore, Moore's Federal Practice, Vol. 7, pp. 3638 and 3644–45. (This was prior to the 1966 amendment to Federal Rule 75, but that amendment changed the rule to conform with actual practice. It did not change the substance of the rule.)

If appellees' argument is adopted, any appellant who argues a directed verdict issue must always designate all of the evidence, unless he can show that the omitted portion was not considered by the trial judge in his decision on the issue. Otherwise, appellant risks losing because of the presumption against him rather than any failure to present a good argument on the part of the record which is designated. This may be a reasonable rule to adopt because this court should consider the same evidence that the trial court considered when it decided the directed verdict issue.

There is another side to the case, however, which is not argued by appellant. This argument is based upon CR 75.01, which provides for a partial record on appeal. Included within this rule is the provision:

"Within 10 days after the service and filing of such designation [of record on appeal by appellant], any other party to the appeal may serve and file a designation of additional portions of the record, proceedings and evidence to be included."

Under this provision, appellees could have had the evidence which supported their argument included in the record on appeal rather than relying on the presumption. Also, the use of this provision would allow for the use of partial records on appeal, which has been encouraged by this court. Travelers Indemnity Company v. Patrick, Ky., 386 S.W.2d 256 (1964); Clay, Kentucky Practice, CR 75.01, Comment 3.

The choices before this court where a directed verdict is in issue include: (1) Requiring that the entire evidence be brought to this court on appeal, and (2) allowing a partial record on appeal

and requiring appellee to designate any additional parts necessary.

 To avoid discouraging partial record provisions, we conclude appellant may designate such evidence as he deems necessary. If appellee desires evidence not designated by appellant, it shall be incumbent upon him to produce it under CR 75.01.

 The trial court denied appellant a directed verdict and gave its reasons in a short opinion which stated that there was conflicting testimony regarding (1) when appellee Bridges started his turn into the driveway; (2) whether appellant was riding his motorcycle with his head down at the time of the accident; and (3) whether appellee's automobile was moving or stopped at the time of impact. The trial court also believed that there was sufficient testimony to present to the jury the question of whether appellant had his motorcycle under control and whether he was keeping a proper lookout.

Appellant testified that he could not remember anything about the accident but that his last recollection was that the hood of his parka was down and not over his head. Appellee Bridges testified that at the time of the collision he had not started his turn; that the car was stopped; that appellant's head was down and the hood of his parka was over his face.

Appellant's witness, William Pekala, testified that immediately after the accident the hood of appellant's parka was not over his head.

Appellant's witness, George Miller, stated that the car was going into the driveway, and he also stated that he could not say whether the car was going "to make a turn or stop and turn and proceed or go on." He was not sure whether the car was moving or stopped but that if it was moving it was "awfully slow." He stated that when he first saw appellant before the collision the hood of appellant's parka was

over his head and that it was still over his head after the collision.

The conflicts in the testimony of these witnesses are sufficient to raise a jury question. Therefore, the trial court did not err when it overruled appellant's motion for a directed verdict.

The question of appellant's contributory negligence was likewise a jury question.

The judgment is affirmed.

All concur.