**Maude PORTER, Appellant,**

v.

**Thomas E. HARPER a/k/a Thomas E. Dickerson et al., Appellees.**

Court of Appeals of Kentucky.

March 3, 1972.

Ralph N. Walter, Nickell & Walter, West Liberty, for appellant.

Charles S. Sinnette, Ashland, for appellees.

STEINFELD, Chief Justice.

Appellant Maude Porter sued appellees Thomas E. Harper, also known as Thomas E. Dickerson, and his wife, Bonnie Jo Dickerson, to recover certain real estate. She pleaded that conveyances had been made to put title temporarily in Dickerson, her son, with the understanding that he would reconvey the property to her, thus creating a trust in her favor. By answer, appellees denied all allegations of the complaint. Proof was taken, after which the trial court made findings of fact, reached conclusions of law, and adjudged that Mrs. Porter's claim was without merit and that the action should be dismissed. From that judgment Mrs. Porter appeals. We affirm.

Pursuant to CR 75.01, appellant designated " * * * for inclusion in the record on appeal * * * the entire record as filed in the office of the Elliott Circuit Court Clerk, including all pleadings, motions, orders and judgment of every kind and nature in said proceeding." Whether appellant intended for the evi-

dence which was heard to be included, we do not know. The record before us contains copies of the various deeds referred to in the briefs but neither transcript of evidence authorized by CR 75.02 nor a narrative statement under CR 75.13. The exhibited deeds contain nothing to support Mrs. Porter's claim.

Appellant attacks the findings of fact made pursuant to CR 52.01 as being contrary to the evidence and throughout her brief reference is made to testimony of various witnesses. Without the evidence being presented to us, we are confined in our review to a determination as to whether the pleadings support the judgment and on all issues of fact in dispute " * * * we are required to assume that the evidence supports the finding of the lower court." Hamblin v. Johnson, Ky., 254 S. W.2d 76 (1953); Burberry v. Bridges, Ky., 427 S.W.2d 583 (1968). The pleadings support the judgment, which is affirmed.

All concur.