Linzey GREENE, Jr., Appellant,

v.

David WADDELL, Appellee.

Court of Appeals of Kentucky.

Oct. 7, 1983.

Victoria L. Block, Ashland, for appellant.

James E. Armstrong, Greenup, for appellee.

Before HOWARD, HOWERTON and DUNN, JJ.

DUNN, Judge.

This appeal is from a Boyd Circuit Court Judgment in a bench trial dismissing appellant Greene's action for damages resulting from an alleged fraudulent sale of a motor vehicle by appellee Waddell in violation of the Consumer Protection Act, KRS 367.110 *et seq.*

Greene purchased a 1976 Sierra Pick-up truck from Waddell on August 17, 1981. Shortly thereafter Greene discovered that the 1976 Sierra had a 1974 Monte Carlo engine. The Monte Carlo engine had been installed by Waddell and had 80,000 miles on it, whereas, the truck's odometer registered only 44,000 miles. During the purchase negotiations Greene asked Waddell if the truck had original miles and he responded affirmatively, leaving the impression that the truck, including the engine, had only 44,000 miles.

Once Greene discovered these facts, he claims to have revoked his acceptance of the truck, but instead of returning the truck to Waddell and removing the mantle of ownership from himself, he continued to use the truck daily. When the engine blew up, he replaced it; when the transmission went out, he repaired it. The trial court held this course of conduct was a bar to recovery under the Consumer Protection Act even though the representations were fraudulent.

The issues before this Court are whether the appellee was a motor vehicle salesperson as defined in KRS 190.010, and, whether the trial court erred in not permitting recovery under the Consumer Protection Act, KRS 367.110 *et seq.*

We affirm the trial court regarding the first issue because clearly Waddell was

**590**

not a motor vehicle salesperson under KRS 190.010 and not subject to its provisions.

■ Regarding the remaining issue, we must accept the trial court's findings that the representations were fraudulent. There is no transcript or narrative statement of the proceedings below so there is no evidence presented for our review. We are, therefore, confined "to a determination as to whether the pleadings support the judgment and on all issues of fact in dispute we are required to assume that the evidence supports the findings of the lower court." *Porter v. Harper,* Ky., 477 S.W.2d 778, 779 (1972).

■ In view of the trial court's finding that the representations were fraudulent, there is merit in Greene's argument that the Consumer Protection Act applies to the transaction giving rise to this appeal. Under the act, "all unfair acts or practices in the conduct of any trade or commerce are declared to be unlawful." *Ford Motor Co. v. Mayes,* Ky.App., 575 S.W.2d 480, 485 (1978). Thus, while the circuit court found that appellant had accepted the vehicle under KRS 355.2–606, thereby precluding his remedies under the Uniform Commercial Code, he still has remedies under the Consumer Protection Act. The trial court erred in denying appellant such remedies.

The judgment of the Boyd Circuit Court is REVERSED and this case is REMANDED for proceedings consistent with this opinion.

All concur.