RENDERED:  MAY 14, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1126-MR

BOBBY SEVERE                                                           APPELLANT

v.                  APPEAL FROM CUMBERLAND CIRCUIT COURT
                    HONORABLE GREGORY A. LAY, SPECIAL JUDGE
                    ACTION NO. 18-CI-00042

BILLY HUFF AND SUE HUFF                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, MAZE, AND L. THOMPSON, JUDGES.

MAZE, JUDGE:  The Cumberland Circuit Court dismissed appellant Bobby

Severe's action to reform a deed as barred by the statute of limitations set out in

KRS[1] 413.120(11) and KRS 413.130(3).  The circuit court concluded that utilizing

---

[1] Kentucky Revised Statute.

either the five- or ten-year limitations period set out in those statutes, Severe's 2018 action to reform a deed executed in 1985 is foreclosed. We agree and affirm.

Appellees, the Huffs, have owned a house adjacent to Severe's property since 1977. Because the 105-foot frontage of the Huffs' property was not sufficiently wide to accommodate a driveway, the driveway for the house encroached on Severe's tract which lies immediately west of the Huffs' residence. To prevent the encroachment from becoming an issue, Severe agreed in 1985 to sell the Huffs a portion of his property and, to that end, a deed was executed and recorded on August 20, 1985. It is undisputed that no survey was obtained prior to the preparation of the deed and that the parties simply "walked off" the property to be conveyed. It is also clear that the deed which was prepared by Severe's attorney describes the property being conveyed as commencing at the western edge of Severe's property, rather than the eastern edge as he claims. The deed as recorded in 1985 gives the Huffs an additional 300 feet of road frontage to their existing 105 feet.

In 2018, more than thirty years after the execution and recording of the deed, Severe instituted an action to reform the deed based upon an alleged mutual mistake as to the starting point set out in the legal description of the conveyance. Severe complains that the error in the starting point resulted in a conveyance to the Huffs of significantly more than the additional 195 feet of

frontage the parties had agreed upon.  In granting the Huffs' motion for summary

judgment, the Cumberland Circuit Court concluded that Severe's claim was barred

by operation of the limitation provisions applicable to claims for relief on the

ground of fraud or mistake, KRS 413.120(11) and KRS 413.130(3).  We agree and

affirm.

The statutes in question are straightforward and operate in concert to

bar claims like the one pressed in this case.  KRS 413.120(11) provides that:

> [t]he following actions shall be commenced within five
> (5) years after the cause of action accrued:
>
> . . .
>
> > (11) An action for relief or damages on the
> > ground of fraud or mistake.

In turn, KRS 413.130(3) codifies the discovery rule as applied to actions for relief

based upon mistake:

> In an action for relief or damages for fraud or mistake,
> referred to in subsection (11) of KRS 413.120, the cause
> of action shall not be deemed to have accrued until the
> discovery of the fraud or mistake.  However, **the action
> shall be commenced within ten (10) years after the
> time of making the contract or the perpetration of the
> fraud**.

(Emphasis added.)

We commence our analysis of the circuit court's application of these statutes to Severe's claim of mutual mistake by reiterating the oft-cited standard by which appellate courts review a grant of summary judgment:

> The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. Kentucky Rules of Civil Procedure (CR) 56.03.

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). In an attempt to demonstrate that summary judgment was improvidently granted, Severe argues that genuine issues of material fact preclude summary disposition, among them the parties' disagreement as to whether the deed was the product of a scrivener's error and whether the parties' conduct after execution of the deed creates issues of fact concerning their understanding and intent regarding the conveyance.

Citing *Harms v. Chase Home Finance, LLC*, 552 S.W.3d 516 (Ky. App. 2018), the circuit court rejected Severe's contentions that the limitations period must be tolled because the Huffs concealed their knowledge of the mistake in the conveyance and that, in any event, the statute is inapplicable to the equitable remedy of reformation. As this Court explained in *Harms*:

> Subsequent decisions clarified that where a deed contains a mistake, the ten-year period applies, **but the statute may only be tolled only in instances where the parties to the conveyance have a fiduciary relationship.** *See Lemaster v. Caudill*, 328 S.W.2d 276

-4-

> (Ky. 1959); *Skaggs v. Vaughn*, 550 S.W.2d 574 (Ky. App. 1977).
>
> While we do not read KRS 413.120 as being tolled, we do, based on these authorities, hold that the ten-year limitations period applies.
>
> The Harmses do not controvert the mistake, but instead rely on the five-year limitations period to preclude Chase's claims. The mistake was made in 2002, discovered by Smith in 2010, and the amended complaint was filed in 2011. The applicable statute of limitations being ten years, per KRS 413.130(3), the claim was not precluded here, and the trial court correctly so held.

552 S.W.3d at 519-20 (emphasis added). Unlike the situation in *Harms*, a period in excess of 30 years from the execution of the deed elapsed prior to Severe's lodging of his claim of mistake. Furthermore, the circuit court correctly noted that Severe's own affidavit dispels his contention that the Huffs secreted their knowledge of the alleged mistake to his detriment.

Nor is there any merit to Severe's claim that the statutes do not apply to equitable remedies such as reformation. We view the circuit court's conclusion in this regard as entirely consistent with holding in *Tarter v. Arnold* concerning the running of the limitations period:

> We think the circuit court correctly held that the limitations as against the claim of fraud commenced to run when the deed was executed, with the result that **the action was barred under all circumstances after the lapse of 10 years.**

343 S.W.2d 377, 379 (Ky. 1960) (emphasis added). This view of the statutory bar was established early in Kentucky jurisprudence:

> This action was commenced on April 25, 1863. The deed of Ewing to Salve bears date November 5, 1852. More than ten years had elapsed "after making the contract." Section 5, chapter 63, 2d volume Stanton's Revised Statutes, page 159, provides that "in actions for the relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; **but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud**."
>
> The Revised Statutes went into effect on July 1, 1852, and before the making [of] this contract. **Ewing relied on the lapse of time as a bar**, **which was an all-sufficient defense.**

*Salve v. Ewing*, 62 Ky. 271, 272 (1864) (some emphasis added).

So it is in this case. Severe's failure to bring this action for more than thirty years after the execution of the deed is an all-sufficient defense to his claim. The circuit court did not err in summarily disposing of his claim on that basis.

Accordingly, the judgment of the Cumberland Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEES: |
|---|---|
| Wanda A. White<br>Albany, Kentucky | Jacqueline S. Sawyers<br>Fort Mitchell, Kentucky |